MYRTLE APARTMENTS, INC. v.
LUMBERMEN'S MUTUAL CASUALTY COMPANY.

(Filed 31 October 1962.)

**1. Pleadings § 2—**

Plaintiff has the burden of stating the facts constituting his cause of action, which he may do either upon actual knowledge or upon information and belief, but plaintiff may not allege that he does not have sufficient information to form a belief concerning certain facts, and then allege such facts upon information and belief, since the averments nullify each other, G.S. 1-145.

**2. Same—**

Plaintiff must allege the facts constituting the basis of his cause of action, and allegations amounting to mere conclusions must be ignored.

**3. Fraud § 3—**

Fraud must be based upon a false representation of fact with knowledge of its falsity, or reckless indifference as to its truth or falsity, with intent to deceive, and cannot be based upon a mere recommendation or opinion.

**4. Fraud § 8—**

Allegations that defendant insurer stated certain facts with respect to the condition of plaintiff insured's boiler and recommended upon such facts that the boiler be replaced, together with allegations that plaintiff did not have sufficient knowledge to form a belief as to the facts relating to the condition of the boiler, are insufficient to state a cause of action for fraud, plaintiff's conclusion that it was induced to install a new boiler by the false representations of defendant not being supported by allegation of the predicate facts.

**5. Negligence § 20—**

Allegations that defendant's engineer inspected plaintiff's boiler "in a negligent and careless manner" *held* a mere conclusion and insufficient to raise the issue of negligence.

**6. Pleadings § 19—**

Upon sustaining a demurrer for failure of the complaint to allege sufficient facts to constitute a cause of action, the action should not be dismissed since plaintiff must be given opportunity to amend.

APPEAL by plaintiff from *McConnell, S. J.,* June 1, 1962, Special "B" Civil Term, MECKLENBURG Superior Court.

In this civil action the plaintiff seeks to recover the sum of $10,493.99, the cost of a new boiler which the plaintiff alleged it was induced to install in its apartment building by the false representation of the defendant that the old boiler was defective and needed replacing. The plaintiff further alleged the inspection of the old boiler was negligently made and that in fact it was, "in all respects, sound

and in proper working condition." The plaintiff held the defendant's policy of insurance against damages resulting from the accidental explosion of the boiler.

After preliminary orders, on demurrer and motions to make more definite, the plaintiff filed its second amended complaint, to which it attached by order of the court the engineer's inspection report. The report, here quoted in full, is the foundation upon which the plaintiff seeks to base its right to recover:

"8XL 61 34 — Myrtle Apts., 1121 Myrtle Avenue
        Charlotte, Mecklenburg County, North Carolina
"Aart Van Malssen                    December 10, 1959
"NC 4301 Fitzgibbon Fire Box Type Steam Heating Boiler
"Difficulty had been reported in regards to the above boiler. Our engineer made an inspection to determine the cause of leakage, which from information received, started about two weeks ago.

"This leakage was found to be at the left rear side of the boiler; it was noted that a crack had developed in the weld between the mudring and waterleg. The crack was properly repaired by the Queen City Engineering Company, a local concern, and a subsequent watertest proved the repair to be sound and tight.

"This investigation also revealed the metal of the mudring and waterleg to be rather thin. Therefore, the possibility exists that pinholes or other cracks may develop in the not too distant future. In order to prevent a possible shut-down at this time of the year, due to pinholes, we suggest that the boiler be 'doped,' this of course does not strengthen the boiler, but the 'dope' will fill in any small pinholes or cracks and will probably enable you to finish out this cold season without shut-down and inconvenience to the tenants.

"This boiler is 21 years old, and has outlived its normal life expectancy. The tubes as previously reported, are in rather poor condition. In the past, plates have been bulged, the staybolts have pulled through. The general condition of the boiler is poor. It is, therefore, recommended that this boiler be replaced with a new or better one of standard construction as soon as this heating season is over.

"Your cooperation will be appreciated.

                        Lumbermen's Mutual Casualty Co.
                        By:  N. C. Horton, Jr., Supervising
                             Engineer, Boiler & Machinery
                             Departments."

The defendant demurred upon the ground the second amended complaint fails to state a cause of action. From a judgment sustaining the demurrer and dismissing the action, the plaintiff appealed.

*Dockery, Ruff, Perry, Bond & Cobb by William H. McNair, for plaintiff, appellant.*
*Carpenter, Webb & Golding, by William B. Webb, for defendant, appellee.*

HIGGINS, J.  In testing the sufficiency of a complaint, the court ignores the conclusions and looks to the facts. Here, the plaintiff alleged: "The boiler was in all respects sound and in proper working condition"; and that the defendant, through its engineer, represented that, "The general condition of the boiler is poor. It is, therefore, recommended that this boiler be replaced with a new or better one of standard construction as soon as this heating season is over."

With respect to the further representations in the letter, the plaintiff alleged: "And as to the remaining representations and contents of said letter, plaintiff does not have sufficient information to form a belief concerning the same and therefore, on information and belief, the plaintiff alleges that each and every statement contained in said letter was untrue and false." The allegation that every other statement in the letter is untrue and false is cancelled out by the prior statement that the plaintiff does not have sufficient information to form a belief with respect to them.

In stating his cause of action a plaintiff has the laboring oar. He may allege facts based on actual knowledge, or upon information and belief. A defendant's position is defensive. He may deny generally, i.e., upon actual knowledge, or upon information and belief, or that he has sufficient knowledge or information to form a belief. A denial in either form puts the plaintiff to his proof. But when a plaintiff alleges he does not have sufficient knowledge or information to form a belief as to particulars, he disqualifies himself to allege them as facts. McIntosh on Pleadings, 2d Ed., Vol. 1, § 983; *Linker v. Linker,* 167 N.C. 651, 83 S.E. 736; G.S. 1-121; G.S. 1-145.

The plaintiff owned and operated the boiler. The defendant insured it against accidental explosion. Both parties were interested in eliminating this danger. The right of the insurer to inspect is not challenged. The duty to report the results of the inspection and to recommend corrective measures, if needed, follows as a matter of course. Was the boiler 21 years old? Had a leak developed in the weld between the mudring and waterleg? Had it outlived its normal life expectancy? Had the poor condition of the tubes been reported? All of these findings by the engineer were, or should have been, known to the plaintiff,

who voluntarily carried out the recommendation. What would have been the result otherwise, no one knows.

The defendant was not interested in the sale of a new boiler. Its only interest was to reduce the risk. This interest the plaintiff shared. The engineer's report shows it to be a recommendation for a new boiler upon the basis of what the examination revealed, all of which was set forth. "The general rule is that the mere expression of an opinion or belief, or more precisely a representation which is nothing more than the statement of an opinion, cannot constitute fraud. 37 C.J.S., 226, citing cases from the Federal courts and from the appellate courts of 26 of the States, including the case of *American Laundry Machinery Co. v. Skinner*, 225 N.C. 285, 34 S.E. 2d 190." *Lester v. McLean*, 242 N.C. 390, 87 S.E. 2d 886. To constitute fraud, there must be false representation, known to be false, or made with reckless indifference as to its truth, and it must be made with intent to deceive. *Vail v. Vail*, 233 N.C. 109, 63 S.E. 2d 202; *Ward v. Heath*, 222 N.C. 470, 24 S.E. 2d 5. The plaintiff's factual allegations do not raise an issue of fraud.

The plaintiff alleged the engineer inspected the boiler "in a negligent and careless manner." This is a conclusion and not an allegation of facts. The allegation is insufficient to raise an issue of negligence. *Etheridge v. Power & Light Co.*, 249 N.C. 367, 106 S.E. 2d 560; *Shives v. Sample*, 238 N.C. 724, 79 S.E. 2d 193; *Citizens Bank v. Gahagan*, 210 N.C. 464, 187 S.E. 580.

The second amended complaint fails to state a cause of action. The demurrer was properly sustained. However, by filing a third amended complaint, the plaintiff may be able to state some cause of action. *Davis v. Rhodes*, 231 N.C. 71, 56 S.E. 2d 43. At least the contrary does not appear as a matter of law. The judgment will be modified by striking that part which dismisses the action. The plaintiff will be permitted to amend.

Modified and affirmed.