LOIS T. MALONE, Plaintiff v. TOPSAIL AREA JAYCEES, INC., NEUWIRTH MOTORS, INC., PHILIP W. MATTHEWS, TOMMY ALLEN, GINNY COATES, and GENE COATES, Defendants

No. 925SC1276

(Filed 1 February 1994)

1. Unfair Competition § 1 (NCI3d) — golf tournament — prize not awarded — unfair or deceptive practices — summary judgment for defendants

The trial court did not err by granting summary judgment for the Jaycees on an unfair or deceptive practices claim where the Jaycees organized and sponsored a golf tournament; they advertised a prize of $10,000 or a new car for anyone who hit a hole in one on the 17th hole; plaintiff entered the tournament and made the hole in one; the Jaycees announced that she had won the prize, presented her with a simulated check, and took her picture with the check; the local media covered the story; and plaintiff was subsequently informed that she would not be receiving any prize because an insurance policy had not been in place as planned and the organization did not have the resources to pay the prize. The golf tournament was not a business activity as defined by Chapter 75; raising money has been specifically disavowed as a "business activity." The mere payment of an entry fee does not qualify a golf tournament as a business activity for purposes of Chapter 75 in the absence of other evidence or allegations concerning defendant's business activities.

Am Jur 2d, Consumer and Borrower Protection §§ 294, 295, 297, 299; Fraud and Deceit §§ 1-3, 12-19, 41-44.

2. Fraud, Deceit, and Misrepresentation § 17 (NCI4th); Unfair Competition § 1 (NCI3d) — golf tournament — prize not awarded — unfair or deceptive practices — fraud — no intent to deceive

Plaintiff failed to show evidence of intent to deceive where defendant Jaycees sponsored a golf tournament which included a prize for a hole in one on the 17th hole, plaintiff made the hole in one, the Jaycees presented plaintiff with a simulated check and photographs were taken, plaintiff was later told that there would be no prize because an insurance policy had not been purchased, and plaintiff brought an action for

MALONE v. TOPSAIL AREA JAYCEES

[113 N.C. App. 498 (1994)]

unfair or deceptive practices, claiming fraud. Plaintiff failed to show any evidence of intent to deceive; reckless indifference to a representation's truth or falsity is not sufficient to satisfy the element of scienter. The Jaycees fully intended to honor their offer when they advertised the tournament and were not aware at the time of the tournament that insurance coverage had not been obtained.

**Am Jur 2d, Fraud and Deceit §§ 183-196.**

3. **Unfair Competition § 1 (NCI4th) — golf tournament — prize not awarded — not a false representation of winning a contest**

Defendant Jaycees did not violate N.C.G.S. § 75-32 where they sponsored a golf tournament with a prize for a hole in one on a particular hole, plaintiff made that hole in one, the Jaycees presented her with a simulated check and took pictures, and plaintiff later learned that insurance had not been obtained and that there was no money for the prize. The statute specifically governs the use of language that has a tendency to lead a reasonable person to believe he has won a contest or anything of value; because plaintiff was the winner of this contest, it was not a violation for defendants to represent that fact to the public.

**Am Jur 2d, Fraud and Deceit §§ 41-48, 81.**

4. **Unfair Competition § 1 (NCI4th) — golf tournament — prize not awarded — simulated check — not an unfair practice**

Defendant Jaycees did not violate N.C.G.S. § 75-35 where they sponsored a golf tournament with a prize for a hole in one on a particular hole, plaintiff made the hole in one and was presented with a simulated check while pictures were taken, and plaintiff later learned that insurance had not been purchased and that there was no money for the prize. While N.C.G.S. § 75-35 provides that no person engaged in commerce may issue a writing which resembles a negotiable instrument or an invoice unless the recipient has actually contracted for goods, property, or services for which the issuer seeks payment, the statute does not prevent the described conduct if the recipient has actually contracted for the goods, property, or services. Plaintiff contracted for the prize money by entering the tournament and hitting the hole in one.

MALONE v. TOPSAIL AREA JAYCEES

[113 N.C. App. 498 (1994)]

**Am Jur 2d, Consumer and Borrower Protection §§ 280, 282, 284-286, 294, 295, 297, 299.**

Appeal by plaintiff from judgment entered 29 October 1992 *nunc pro tunc* for 5 October 1992 by Judge G. K. Butterfield in New Hanover County Superior Court. Heard in the Court of Appeals 27 October 1993.

*Shipman & Lea, by Gary K. Shipman, for plaintiff-appellant.*

*Raynor & Fisher, by Glenn O'Keith Fisher, for defendant-appellee Philip W. Matthews.*

*No brief filed for defendant-appellee Topsail Area Jaycees, Inc.*

LEWIS, Judge.

On 16 January 1991 plaintiff filed this action against defendant Topsail Area Jaycees, Inc. (hereafter "Jaycees"), several of its officers and directors, and Neuwirth Motors, Inc., alleging entitlement to certain prize money and asserting claims for negligence, fraud and unfair or deceptive practices. Plaintiff filed a voluntary dismissal as to defendant Neuwirth Motors on 22 May 1991 and a motion for summary judgment on 16 September 1992. Defendant Matthews filed a summary judgment motion on 28 September 1992. After a 5 October 1992 hearing, Judge Butterfield entered summary judgment for plaintiff against the Jaycees in the amount of $10,000, but otherwise denied plaintiff's motion. The court granted summary judgment for the Jaycees on plaintiff's unfair or deceptive practices claim, and granted summary judgment for defendants Philip Matthews and Ginny Coates. Plaintiff now appeals to this Court, contending she was entitled to summary judgment as a matter of law on each of her claims.

The Jaycees organized and sponsored a golf tournament to be held 12 May 1990 at the North Shore Country Club in Onslow County, North Carolina. The entry fee was $160 for each team of four players. The Jaycees advertised the tournament and advertised a prize of either $10,000 or a new car for anyone who hit a hole in one at the 17th hole. Plaintiff entered the tournament and made the hole in one, and the Jaycees announced that she had won the prize. The Jaycees presented plaintiff with a simulated

check made out to her for $10,000, and took her picture with the check. The local media covered the story of plaintiff's win.

However, in a letter dated 19 September 1990 the Jaycees informed plaintiff that she would not be receiving any prize, because an insurance policy was not in place as they had planned on the date of the tournament, and the organization did not have the resources to pay $10,000 without the coverage. Upon the Jaycees' refusal to pay, plaintiff filed the present lawsuit.

[1] Plaintiff contends that the court erred in granting summary judgment to the Jaycees on her Chapter 75 unfair or deceptive practices claims, and argues that she is entitled to summary judgment on these claims. Plaintiff presents two theories in support of her claim of entitlement to treble damages under Chapter 75. She argues that the Jaycees' actions were unfair or deceptive in violation of section 75-1.1, and that the Jaycees committed per se violations of section 75-32. In addition to her unfair or deceptive practices claims, plaintiff contends there are genuine issues of material fact regarding her fraud claims and the possible individual liability of defendants.

Summary judgment is only appropriate where there are no genuine issues of material fact, N.C.G.S. § 1A-1, Rule 56(c) (1990), and we find none here.

According to section 75-1.1, "unfair or deceptive acts or practices in or affecting commerce[ ] are declared unlawful." N.C.G.S. § 75-1.1(a) (1988). In order to prevail on a claim asserted under this section, plaintiff must show "(1) an unfair or deceptive act or practice, . . ., (2) in or affecting commerce, (3) which proximately caused actual injury to the plaintiff . . . ." *Spartan Leasing, Inc. v. Pollard*, 101 N.C. App. 450, 461, 400 S.E.2d 476, 482 (1991). We find that plaintiff's claim under this section must fail because there is no evidence that the Jaycees committed unfair or deceptive acts which were in or affecting commerce.

"Commerce" is defined in Chapter 75 as "all business activities, however denominated, but does not include professional services rendered by a member of a learned profession." § 75-1.1(b). Our Supreme Court has interpreted the phrase "business activities" to mean "the manner in which businesses conduct their regular, day-to-day activities, or affairs, such as the purchase and sale of goods, or whatever other activities the business regularly engages

in and for which it is organized." *HAJMM Co. v. House of Raeford Farms, Inc.*, 328 N.C. 578, 594, 403 S.E.2d 483, 493 (1991). In *HAJMM*, the Court found that the issuance and redemption of securities, a practice used to raise capital, was not a business activity for the purposes of Chapter 75. It merely enabled the enterprise to organize itself for the purpose of conducting business or to continue ongoing business activities. *Id.*

We find no evidence indicating that the golf tournament sponsored by the Jaycees was a business activity as defined by Chapter 75 and our Supreme Court. In a letter to plaintiff, defendant Philip Matthews, president of the Jaycees, explained that the purpose of the tournament was to raise the visibility of the Jaycees in the community and to "raise the funds necessary to sustain the organization throughout the 1990-1991 year." As stated above, raising money was specifically disavowed as a "business activity" in *HAJMM*. Plaintiff's only argument on this issue is that payment of the entry fee constituted "trade or commerce" under Chapter 75. We hold that, in the absence of any other evidence or allegations relating to the business activities of the Jaycees, the mere payment of an entry fee does not qualify a golf tournament as a business activity "in or affecting commerce" for the purposes of Chapter 75.

[2] Notwithstanding any failure to raise a genuine issue of material fact as to the above factors, plaintiff points out that "[p]roof of fraud would necessarily constitute a violation of the prohibition against unfair [or] deceptive acts." *Bhatti v. Buckland*, 328 N.C. 240, 243, 400 S.E.2d 440, 442 (1991) (quoting *Hardy v. Toler*, 288 N.C. 303, 218 S.E.2d 342 (1975) ). The elements of fraud are: "(1) false representation or concealment of a material fact, (2) reasonably calculated to deceive, (3) made with intent to deceive, (4) which does in fact deceive, and (5) resulting in damage to the injured party." *Pearce v. American Defender Life Ins. Co.*, 316 N.C. 461, 468, 343 S.E.2d 174, 178 (1986).

Plaintiff has failed to show any evidence of at least one of the elements of fraud, the intent to deceive. Contrary to plaintiff's argument, evidence of reckless indifference to a representation's truth or falsity is not sufficient to satisfy the element of scienter. *Myers & Chapman, Inc. v. Thomas G. Evans, Inc.*, 323 N.C. 559, 568, 374 S.E.2d 385, 391 (1988). "Without the element of intent to deceive, the required scienter for *fraud* is not present. The term 'scienter' embraces both knowledge *and* an intent to deceive,

MALONE v. TOPSAIL AREA JAYCEES

[113 N.C. App. 498 (1994)]

manipulate or defraud." *Id.* (emphasis in original). In the case at hand, when the Jaycees advertised the tournament they fully intended to honor their offer and pay the prize money. They had delegated the task of procuring insurance to one of their members, Tommy Allen. According to the Jaycees, Allen had attempted to purchase the insurance and "believed his purchase was transacted the day prior to the tournament." At the time of the tournament the Jaycees were not aware that the insurance coverage had not been obtained. Because the element of scienter is lacking, there is no basis upon which to find fraud.

We find that plaintiff has not shown any evidence supporting the elements of an unfair or deceptive practices claim. Summary judgment was appropriately entered for the Jaycees on this issue.

[3] Notwithstanding the failure of her section 75-1.1 claim, plaintiff contends she is entitled to treble damages because defendants have violated another provision of Chapter 75. Section 75-32 addresses representations involving winning a prize, and provides:

> No person, firm or corporation engaged in commerce shall, in connection with the sale or lease or solicitation for the sale or lease of any goods, property, or service, represent that any other person, firm or corporation has won anything of value or is the winner of any contest, unless all of the following conditions are met:
>
> (1) The recipient of the prize must have been selected by a method in which no more than ten percent (10%) of the names considered are selected as winners of any prize;
>
> (2) The recipient of the prize must be given the prize without any obligation; and
>
> (3) The prize must be delivered to the recipient at no expense to him, within 10 days of the representation.
>
> The use of any language that has a tendency to lead a reasonable person to believe he has won a contest or anything of value, including but not limited to "congratulations," and "you are entitled to receive," shall be considered a representation of the type governed by this section.

N.C.G.S. § 75-32 (1988).

Plaintiff contends the Jaycees committed per se violations of this section by representing that she won the $10,000 prize and by failing to pay the prize within ten days, as required by subsection (3). We disagree, because we find that this statute is meant to apply to situations in which representations of winning a prize are made when in fact the person, firm or corporation identified has not won a prize. The statute specifically governs "the use of any language that has a tendency to lead a reasonable person to believe he has won a contest or anything of value . . . ." It certainly would not be unlawful to "lead a reasonable person to believe he has won a contest" if, in fact, that person has won a contest. Because plaintiff was the winner of the contest, it was not a violation of this statute for defendants to represent that fact to the public.

[4] Plaintiff also contends defendants violated section 75-35, which provides that "[n]o person engaged in commerce" may issue a writing resembling a negotiable instrument or an invoice unless the recipient "has actually contracted for goods, property, or services for which the issuer seeks proper payment." § 75-35 (1988). Plaintiff argues the Jaycees violated this section by providing plaintiff with a simulated check made out to her for $10,000. However, the statute does not prevent the described conduct if the recipient of the "check" "has actually contracted for the goods, property, or services . . . ." *Id.* In this case, plaintiff had essentially contracted for the prize money by entering the tournament and by hitting the hole in one. She was entitled to receive the check; thus, issuance of the simulated "check" to represent her prize did not violate section 75-35.

Plaintiff claims entitlement to treble damages under section 75-16 based on the alleged violations of Chapter 75. Section 75-16 provides a private cause of action for any person injured as a result of any violation of Chapter 75. N.C.G.S. § 75-16 (1988). It is clear that plaintiff's claim for treble damages under section 75-16 must fail, because plaintiff has failed to point to any evidence that defendants' actions violated any section of Chapter 75.

Plaintiff also contends summary judgment was inappropriately rendered on the issue of her fraud claims, when considered separately from her Chapter 75 claims. As stated above, there is no evidence that defendants possessed the necessary scienter upon which to

base a claim of fraud. We find that summary judgment was correctly entered against plaintiff on this issue.

Because we find that summary judgment was appropriately granted on all issues, we find it unnecessary to address whether or not the individual defendants may have been liable for either unfair or deceptive practices or fraud. Plaintiff's argument regarding the individual defendants' liability for negligence is without merit.

We conclude that the court correctly entered summary judgment against plaintiff and in favor of defendants on plaintiff's unfair or deceptive practices and fraud claims.

Affirmed.

Judges WYNN and McCRODDEN concur.