JOIST B. BRANDIS, NORTH CAROLINA, PLAINTIFF v. LIGHTMOTIVE FATMAN, INC., MAURICE L'ESPINOSO, AS AGENT FOR CORPORATION AND IN HIS INDIVIDUAL CAPACITY, DEFENDANTS

No. 935SC523

(Filed 7 June 1994)

## 1. Contracts § 126 (NCI4th)— breach of employment contract—action improperly dismissed

The trial court erred in dismissing plaintiff's breach of contract claim against defendant corporation where plaintiff alleged

BRANDIS v. LIGHTMOTIVE FATMAN, INC.

[115 N.C. App. 59 (1994)]

that defendant, through its agent, orally offered a specific job to plaintiff for a stated duration and for stated compensation, and plaintiff reported to work but was not permitted to complete the contract's stated duration of employment.

**Am Jur 2d, Pleading §§ 69, 89.**

2. **Fraud, Deceit, and Misrepresentation § 25 (NCI4th)— offer of employment fraudulently made—action improperly dismissed**

Plaintiff's action for fraud was sufficient to withstand defendant corporation's motion to dismiss where plaintiff alleged that defendant, through its agent, represented that plaintiff had a job in Wilmington, North Carolina for fourteen weeks paying $2,000 per week; plaintiff relied on the false representation, moving to Wilmington and turning down two other offers of employment; and the offer was made with reckless disregard as to whether defendant would actually hire plaintiff.

**Am Jur 2d, Fraud and Deceit §§ 423 et seq.**

3. **Unfair Competition or Trade Practices § 8 (NCI4th)— Unfair and Deceptive Trade Practices Act—no applicability to employer-employee relations**

The trial court properly dismissed plaintiff's unfair trade practices claim, since the Unfair and Deceptive Trade Practices Act does not apply to employer-employee relations.

**Am Jur 2d, Monopolies, Restraints of Trade, and Unfair Business Practices § 735.**

Appeal by plaintiff from order filed 22 March 1993 by Judge James D. Llewellyn in New Hanover County Superior Court. Heard in the Court of Appeals 1 March 1994.

On 2 July 1992 plaintiff filed this action against defendants alleging breach of contract, fraud, and unfair and deceptive trade practices, G.S. Chapter 75. In his complaint, plaintiff alleged that in February 1992 he "was working in Florida when he was contacted by the defendant [Lightmotive Fatman, Inc.,] through its duly authorized agent, Maurice L'Espinoso, hereinafter L'Espinoso, who represented that he was the production manager on the film, 'Super Mario Brothers.'" Plaintiff alleged "[t]hat on or about February 20, 1992 defendant [Lightmotive Fatman, Inc.,] through L'Espinoso offered employ-

**BRANDIS v. LIGHTMOTIVE FATMAN, INC.**

[115 N.C. App. 59 (1994)]

ment to plaintiff for fourteen weeks at $2000 a week compensation to work as the gaffer on a film known as 'Super Mario Brothers.'" Plaintiff alleged that in his reliance on this offer, he "waived two other offers of employment, communicated his acceptance to the defendant and moved from Orlando, Florida back to New Hanover County to begin employment pursuant to the terms of defendant's offer." Additionally, plaintiff alleged that on 27 April 1992 he "was again assured of employment and actually began to work on the project," but that two days later defendant Lightmotive Fatman, Inc., "breached the contract with plaintiff by refusing to employ plaintiff as the gaffer and informing him that someone else had been given the job, and that there was no employment for plaintiff."

Alternatively, plaintiff alleged that defendant Maurice L'Espinoso exceeded the scope of his authority as Lightmotive Fatman, Inc.'s agent in that he "had no authority from the defendant corporation to make offers of employment to the plaintiff" and was "therefore personally liable for this breach of contract." As damages, plaintiff sought: (1) $28,000.00 arising from the breach of contract; (2) punitive damages; and (3) treble damages arising from the Unfair and Deceptive Practices Act claim.

On 24 February 1993, plaintiff filed a verified amendment to the complaint, alleging *inter alia* that at the time the offer of employment was made, plaintiff's wife was living in Wilmington and that she "was deathly ill with bone cancer which would require a bone marrow transplant, if she was to have any chance of surviving. . . . [T]his offer was made with full knowledge of the defendants of the condition of the plaintiff's wife." Plaintiff further alleged that he "communicated to the defendants that it would be extremely important for him to work in Wilmington as it would allow him to be near his family and would further offer plaintiff and his family the additional financial support necessary due to the circumstances of his wife's illness."

On 4 September 1992, defendant Lightmotive Fatman, Inc., filed a motion to dismiss plaintiff's claims pursuant to G.S. 1A-1, Rule 12(b)(6). On 22 March 1993, the trial court filed an order: (1) granting the G.S. 1A-1, Rule 12(b)(6) motion as to all of plaintiff's claims against defendant Lightmotive Fatman, Inc.; (2) denying the G.S. 1A-1, Rule 12(b)(6) motion as to defendant Maurice L'Espinoso; and, (3) ordering defendant Maurice L'Espinoso to file an answer. Plaintiff appeals.

*Stevens, McGhee, Morgan, Lennon & O'Quinn, by Alan E. Toll,
for plaintiff-appellant.*

*Burney, Burney & Jones, by John J. Burney, Jr., for defendant-
appellee Lightmotive Fatman, Inc.*

EAGLES, Judge.

Plaintiff argues that the trial court erred in granting the
G.S. 1A-1, Rule 12(b)(6) motion as to all of plaintiff's claims against
defendant Lightmotive Fatman, Inc. We affirm in part and reverse in
part.

I.

[1] Plaintiff argues that the trial court erred in granting defendant's
G.S. 1A-1, Rule 12(b)(6) motion as to the breach of contract claim.
We agree and accordingly reinstate plaintiff's breach of contract
claim.

Regarding a motion to dismiss pursuant to G.S. 1A-1, Rule
12(b)(6), in *Peoples Security Life Ins. Co. v. Hooks,* 322 N.C. 216,
218, 367 S.E.2d 647, 648-49, *reh'g denied,* 322 N.C. 486, 370 S.E.2d 227
(1988), our Supreme Court stated,

> A motion to dismiss under N.C.G.S. § 1A-1, Rule 12(b)(6)
> tests the legal sufficiency of the complaint. *Sutton v. Duke,* 277
> N.C. 94, 176 S.E.2d 161 (1970). In ruling on the motion, the alle-
> gations of the complaint are viewed as admitted, and on that
> basis the court must determine as a matter of law whether the
> allegations state a claim for which relief may be granted. *Newton
> v. Standard Fire Ins. Co.,* 291 N.C. 105, 229 S.E.2d 297 (1976). In
> reviewing a dismissal of a complaint for failure to state a claim,
> the appellate court must determine whether the complaint
> alleges the substantive elements of a legally recognized claim
> and whether it gives sufficient notice of the events which pro-
> duced the claim to enable the adverse party to prepare for trial.
> *See Sutton v. Duke,* 277 N.C. at 104, 176 S.E.2d at 167; *see also
> Stanback v. Stanback,* 297 N.C. 181, 254 S.E.2d 611 (1979). A
> claim should be dismissed under Rule 12(b)(6) where it appears
> that the plaintiff is entitled to no relief under any statement of
> facts which could be proven. *See Newton v. Standard Fire Ins.
> Co.,* 291 N.C. at 111, 229 S.E.2d at 300; *Sutton v. Duke,* 277 N.C.
> at 102, 176 S.E.2d at 166.

Here, plaintiff alleged that defendant Lightmotive Fatman, Inc., through Maurice L'Espinoso, orally "offered employment to plaintiff for fourteen weeks at $2000 a week compensation to work as the gaffer on a film known as 'Super Mario Brothers.' " Accordingly, the complaint alleges the existence of an employment contract containing a specific duration of employment, and it is well established that this type of employment contract is not terminable at will. *Rosby v. General Baptist State Convention*, 91 N.C. App. 77, 370 S.E.2d 605, *disc. review denied*, 323 N.C. 626, 374 S.E.2d 590 (1988); *Harris v. Duke Power Co.*, 319 N.C. 627, 356 S.E.2d 357 (1987). Plaintiff reported to work on 27 April 1992 but was not permitted to complete the contract's stated duration of employment. Taking plaintiff's allegations as true, we conclude that the breach of contract claim as alleged in the complaint was sufficient to withstand defendant's G.S. 1A-1, Rule 12(b)(6) motion to dismiss.

II.

**[2]** Next, plaintiff argues that the trial court erred in granting defendant's G.S. 1A-1, Rule 12(b)(6) motion as to the fraud claim. We agree and accordingly reinstate plaintiff's fraud claim.

Regarding the essential elements for a claim of actual fraud, in *Myers & Chapman, Inc. v. Thomas G. Evans, Inc.*, 323 N.C. 559, 568-69, 374 S.E.2d 385, 391-92 (1988), *reh'g denied*, 324 N.C. 117, 377 S.E.2d 235 (1989), our Supreme Court stated:

> In *Myrtle Apartments*, [*v. Casualty Co.*, 258 N.C. 49, 127 S.E.2d 759 (1962)], the Court stated that in order to constitute fraud
>
> > there must be false representation, known to be false, or made with reckless indifference as to its truth, *and it must be made with intent to deceive.*

*Myrtle Apartments*, 258 N.C. 49, 52, 127 S.E.2d 759, 761 (emphasis added). Plaintiff itself relies on *Ragsdale* [*v. Kennedy*, 286 N.C. 130, 209 S.E.2d 494 (1974)], which correctly defines the elements of fraud as follows:

> While fraud has no all-embracing definition and is better left undefined lest crafty men find a way of committing fraud which avoids the definition, the following essential elements of actionable fraud are well established: (1) False representation or concealment of a material fact, (2) reasonably cal-

culated to deceive, (3) *made with intent to deceive,* (4) which does in fact deceive, (5) resulting in damage to the injured party.

*Ragsdale,* 286 N.C. 130, 138, 209 S.E.2d 494, 500 (emphasis added).

*See Malone v. Topsail Area Jaycees, Inc.,* 113 N.C. App. 498, 502, 439 S.E.2d 192, 194 (1994). In *Chesapeake Microfilm, Inc. v. Eastern Microfilm Sales & Service, Inc.,* 91 N.C. App. 539, 542-43, 372 S.E.2d 901, 903 (1988), this Court stated:

Allegations of fraud are subject to more exacting pleading requirements than are generally demanded by "our liberal rules of notice pleading." *Stanford v. Owens,* 76 N.C. App. 284, 289, 332 S.E.2d 730, 733, *disc. rev. denied,* 314 N.C. 670, 336 S.E.2d 402 (1985) (citations omitted). Rule 9(b) of the North Carolina Rules of Civil Procedure provides in relevant part that:

(b) . . . In all averments of fraud . . . the circumstances constituting fraud . . . shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.

N.C. Gen. Stat. Sec. 1A-1, R. Civ. P. 9(b) (1983). In *Terry,* our Supreme Court instructed that "in pleading actual fraud the particularity requirement is met by alleging time, place, and content of the fraudulent representation, identity of the person making the representation and what was obtained as a result of the fraudulent act or representation." 302 N.C. at 85, 273 S.E.2d at 678. *Terry's* formula ensures that the requisite elements of fraud will be pleaded with the specificity required by Rule 9(b).

In his appellate brief, plaintiff argues that the following allegations in the complaint were sufficient to withstand defendant's G.S. 1A-1, Rule 12(b)(6) motion to dismiss:

1. The representation was that [plaintiff] Brandis had a job at $2,000.00 per week for 14 weeks in Wilmington, North Carolina.

2. This representation was material in that it deceived Brandis and induced him to move to New Hanover County and forego other work. [Paragraph XVII of the complaint states "That plaintiff did in fact rely on the false representation that defendant would employ him by waiving two other offers of employment and moving back to New Hanover County to begin work."]

**BRANDIS v. LIGHTMOTIVE FATMAN, INC.**

[115 N.C. App. 59 (1994)]

3. Paragraph XV of the Third Cause of Action states:

That the offer of employment was made by Defendant with reckless disregard as to whether it would actually hire the plaintiff.

. . . .

4. The complaint properly alleges that the offer was made with the intent that Brandis would rely upon the offer.

5. The complaint properly alleges that Brandis reasonably relied upon the offer and Brandis reaffirmed the false representations that work would begin on April 27, 1992.

6. The injury to Brandis is properly alleged at $28,000.

Defendant argues that plaintiff's failure to allege that the statement constituting the alleged misrepresentation was "false when [it was] made" amounts to "a fatal defect." We disagree.

Defendant argues that "[i]n *Forbes Homes, Inc. v. Trimpi*, 318 N.C. 473, 479, 349 S.E.2d 852, 856 (1986), the Supreme Court stated where 'there is no allegation that, at the time [defendant] represented to the plaintiff . . . the representation was false,' the complaint fails to state a cause of action based on fraud and the Court ordered the action be dismissed for that reason." (Emphasis supplied by defendant.) A careful reading of *Forbes Homes, Inc. v. Trimpi*, 318 N.C. 473, 349 S.E.2d 852, *reh'g denied*, 318 N.C. 703, 351 S.E.2d 745 (1986), reveals that it was an appeal from a bench trial on the merits, *id.* at 476-77, 349 S.E.2d at 854, and that it did not address the denial of a G.S. 1A-1, Rule 12(b)(6) motion to dismiss. In *Forbes Homes*, the parties had waived a jury trial after remand from a *prior appeal* from the trial court's order dismissing plaintiff's complaint for breach of contract pursuant to G.S. 1A-1, Rule 12(b)(6). Plaintiff did not allege fraud as a cause of action. In the first appeal, this Court found the pleadings in plaintiff's complaint sufficient to withstand defendants' G.S. 1A-1, Rule 12(b)(6) motion and reversed the trial court's order of dismissal of the breach of contract action. *Forbes Homes*, 70 N.C. App. 614, 320 S.E.2d 328 (1984). The defendants appealed and the reversal was affirmed per curiam by an equally divided Court. *Forbes Homes*, 313 N.C. 168, 326 S.E.2d 30 (1985). In the *second appeal*, our Supreme Court stated, "Because the Court of Appeals' decision was affirmed per curiam without opinion by this Court, the opinion of the majority of the Court of Appeals became the law of the case." *Forbes*

*Homes,* 318 N.C. at 475, 349 S.E.2d at 854. Later in the same opinion, the quoted text cited by defendant *Lightmotive Fatman, Inc., supra,* appears in the following paragraph:

> We are not unmindful that an agent may be personally liable for damages caused to third persons by his fraud or false representations "even though he is acting in behalf of his employer, and even though he receives no benefit from the transaction." 37 Am. Jur. 2d, *Fraud and Deceit* § 320 (1968). *See also Norburn v. Mackie,* 262 N.C. 16, 136 S.E.2d 279 (1964); *Mills v. Mills,* 230 N.C. 286, 52 S.E.2d 915 (1949). However, in the case *sub judice* there is no allegation that, at the time Mr. Trimpi represented to the plaintiff that Mr. Simpson had authorized payment from the settlement, the representation was false. An agent does not become liable because of his principal's breach of a contract negotiated by the agent for the principal. *Walston v. Whitley & Co.,* 226 N.C. 537, 39 S.E.2d 375 (1946).

*Forbes Homes,* 318 N.C. at 479-80, 349 S.E.2d at 856 (footnote omitted).

Notwithstanding defendant's reliance on *dicta* from *Forbes Homes,* 318 N.C. at 479, 349 S.E.2d at 856, we find that our decision here is controlled by *Williams v. Williams,* 220 N.C. 806, 18 S.E.2d 364 (1942), a seminal case addressing actions for fraud based upon unfulfilled promises. In *Williams,* our Supreme Court stated:

> It is generally held, and is the law in this State, that mere unfulfilled promises cannot be made the basis for an action of fraud. If, however, a promise is made fraudulently—that is, with no intention to carry it out, thus being a misrepresentation of a material fact, the state of the promisor's mind, and with intention that it shall be acted upon, and it is acted upon to the promisee's injury—then, it will sustain an action based on fraud and misrepresentation, and the plaintiff will be entitled to legal or equitable relief.

*Williams,* 220 N.C. at 810-11, 18 S.E.2d at 366-67 (citations omitted). In *Overstreet v. Brookland, Inc.,* 52 N.C. App. 444, 452, 279 S.E.2d 1, 6 (1981), this Court re-emphasized the distinction between the bases upon which an action for fraud may be maintained in light of the alleged unfulfilled promises of a defendant:

> Our Supreme Court has held that while the general rule is that mere unfulfilled promises cannot be made the basis of an action

**BRANDIS v. LIGHTMOTIVE FATMAN, INC.**

[115 N.C. App. 59 (1994)]

for fraud, if a promise is made fraudulently—that is, with no intention to carry it out—such is a misrepresentation of the state of the promisor's mind at the time of the promise, *i.e.*, a pre-existing material fact. *Williams v. Williams*, 220 N.C. 806, 810-811, 18 S.E.2d 364, 366-67 (1942); *see also, Johnson v. Insurance Co.*, 300 N.C. 247, 255, 266 S.E.2d 610, 616 (1980) and cases cited therein; *Hoyle v. Bagby*, 253 N.C. 778, 781, 117 S.E.2d 760, 762 (1961); *Davis v. Davis*, 236 N.C. 208, 211, 72 S.E.2d 414, 415. (1952). *Cf., Harding v. Insurance Co.*, 218 N.C. 129, 10 S.E.2d 599 (1940); *Whitley v. O'Neal*, 5 N.C. App. 136, 168 S.E.2d 6 (1969).

Here, we conclude that plaintiff's complaint alleged an action for fraud with sufficient particularity and taking plaintiff's allegations as true, we hold that the action for fraud as alleged in the complaint was sufficient to withstand defendant's G.S. 1A-1, Rule 12(b)(6) motion to dismiss. *Compare Braun v. Glade Valley School*, 77 N.C. App. 83, 87, 334 S.E.2d 404, 407 (1985) (affirming trial court's order dismissing complaint where there was no allegation that the promissory representation was made recklessly without regard for its truth). We note that for purposes of further proceedings in this action that "[m]ere proof of nonperformance is not sufficient to establish the necessary fraudulent intent," *Williams*, 220 N.C. at 811, 18 S.E.2d at 367, and that mere "evidence of reckless indifference to a representation's truth or falsity is not sufficient to satisfy the element of scienter." *Malone*, 113 N.C. App. at 502, 439 S.E.2d at 194. *See also Strum v. Exxon Co. U.S.A., A Div. of Exxon Corp.*, 15 F.3d 327, 331 (4th Cir. 1994)

### III.

[3] Plaintiff argues that the trial court erred in granting defendant's G.S. 1A-1, Rule 12(b)(6) motion as to the Unfair and Deceptive Practices Act, G.S. Chapter 75, claim. We disagree. Our Supreme Court has expressly stated that the Unfair and Deceptive Practices Act "does not cover employer-employee relations." *Hajmm Co. v. House of Raeford Farms*, 328 N.C. 578, 593, 403 S.E.2d 483, 492 (1991) (citing *Buie v. Daniel International*, 56 N.C. App. 445, 289 S.E.2d 118, *disc. review denied*, 305 N.C. 759, 292 S.E.2d 574 (1982) ). Accordingly, this argument fails.

STATE FARM MUT. AUTO. INS. CO. v. YOUNG

[115 N.C. App. 68 (1994)]

IV.

For the reasons stated, we reverse the portion of the trial court's 22 March 1993 order dealing with plaintiff's breach of contract claim and plaintiff's fraud claim. Accordingly, these claims are reinstated and the cause is remanded for further proceedings not inconsistent with this opinion. The portion of the trial court's 22 March 1993 order dismissing the G.S. Chapter 75 claim is affirmed.

Affirmed in part; reversed in part and remanded.

Judges MARTIN and McCRODDEN concur.