DOUGLAS R. JONES, PLAINTIFF v. CAPITOL BROADCASTING COMPANY, INC., AND CAROLINA FORD DEALERS ADVERTISING ASSOCIATION, INC., DEFENDANTS

No. COA97-94

(Filed 6 January 1998)

1. **Consumer and Borrower Protection § 53 (NCI4th)— promotional contest—announcement of winner—prize not delivered—contract claim—allegations sufficient**

   Plaintiff's allegations were sufficient to state a claim for breach of contract arising from a promotional campaign with a Ford pick-up truck as the contest grand prize where plaintiff alleged that he had entered the contest by submitting an entry form in exchange for an opportunity to have it drawn as the winning ticket, his name was drawn and he was notified that he had won the prize, and he never received the truck nor anything else. Advertising a promotional contest to the public is in the nature of an offer, an enforceable contract is formed when a party accepts that offer, and consideration is provided by entering the contest and complying with all of the terms of the offer.

2. **Consumer and Borrower Protection § 53 (NCI4th)— promotional contest—prize not delivered—violation of N.C.G.S. § 75-32—allegations sufficient**

   Plaintiff's allegations were sufficient to state a claim for violation of N.C.G.S. § 75-32 arising from a promotional campaign involving a Ford pick-up truck as the contest grand prize where defendants were in the business of advertising and selling automobiles; the contest was calculated to promote and encourage additional sales of those automobiles; defendants used language which had a tendency to lead plaintiff to believe that he had won a new truck in its contest; he was told "Congratulations, you have won a new Ford F-150 truck," thereby triggering the statute; and

defendants then failed to deliver the truck to plaintiff within ten days of its representation to him that he had won.

**3. Unfair Competition or Trade Practices § 30 (NCI4th)— promotional contest—prize not delivered—N.C.G.S. § 75-1.1—no aggravating circumstances—allegations—not sufficient**

Plaintiff did not state a claim for violation of the unfair and deceptive trade practices act under N.C.G.S. § 75-1.1 arising from a promotional campaign with a Ford pick-up truck as the contest grand prize where plaintiff merely contended that defendants breached a contract by failing to award him the truck and did not allege any aggravating circumstances. A mere breach of contract, even if intentional, is not an unfair or deceptive act.

Appeal by plaintiff from order entered 25 November 1996 by Judge Melzer A. Morgan in Guilford County Superior Court. Heard in the Court of Appeals 18 September 1997.

*Clark Wharton & Berry, by Frederick L. Berry, for plaintiff-appellant.*

*Adams, Kleemeier, Hagan, Hannah & Fouts, by W. Winburne King, III, and Benjamin A. Kahn, for defendants-appellees.*

LEWIS, Judge.

Plaintiff appeals from an order granting defendants' motion to dismiss under Rule 12(b)(6) of the North Carolina Rules of Civil Procedure.

According to the allegations of the complaint, during the 1995-1996 football season, defendants conducted a promotional campaign to promote the Carolina Panthers football team and the Ford Dealers of North Carolina, the "One Half Ton of Fun" Contest ("Contest"). Defendants advertised to the general public a contest for which the grand prize was a new Ford F-150 pickup truck. Plaintiff filled out an entry form and entered the Contest. On 16 January 1996, defendants' agent, Brittany Foster, notified plaintiff that he had been selected as the winner. Plaintiff alleged that Ms. Foster stated: "Congratulations, you have won a F-150 Ford truck." At first plaintiff did not believe that he had won the Contest, but after repeated assurances from Ms. Foster, he was convinced. Later that day, Scott Crites, Manager of the Carolina Panthers Radio Network, called plaintiff and told him that

JONES v. CAPITOL BROADCASTING CO.

[128 N.C. App. 271 (1998)]

he had not won the Contest and that the prize had been given to someone else.

Defendants maintained that plaintiff was not the winner because his name was not the first selected from the drawing. Unable to reach the first person whose name was drawn, defendants selected plaintiff's name during a second drawing. Subsequently, the first winner appeared to claim his prize and defendants awarded him the truck.

Plaintiff initiated this suit alleging breach of contract, violation of N.C. Gen. Stat. § 75-32, "Representation of Winning a Prize," and violation of N.C. Gen. Stat. § 75-1.1 for unfair and deceptive trade practices. Defendants moved to dismiss plaintiff's complaint for failure to state a claim for which relief could be granted. The motion was granted, and plaintiff appeals.

Plaintiff assigns error to the trial court's dismissal of its complaint on the three aforementioned grounds. We find that plaintiff has stated a claim for breach of contract and violation of G.S. § 75-32, but not for unfair and deceptive trade practices.

Our standard of review of a motion to dismiss is "whether, as a matter of law, the allegations of the complaint, treated as true, are sufficient to state a claim upon which relief may be granted under some legal theory." *Harris v. NCNB Nat'l Bank of N.C.*, 85 N.C. App. 669, 670, 355 S.E.2d 838, 840 (1987). In ruling upon such a motion, the complaint is to be liberally construed, and the trial court should not dismiss the complaint "unless it appears beyond doubt that [the] plaintiff could prove no set of facts in support of his claim which would entitle him to relief." *Dixon v. Stuart*, 85 N.C. App. 338, 340, 354 S.E.2d 757, 758 (1987).

[1] With these principles in mind, we find that plaintiff has stated a claim for breach of contract against defendants. Plaintiff alleges that a contract was formed when he submitted his entry ticket according to contest rules. Defendants respond that no contract exists because the contest was completely voluntary, unconnected to the purchase of an automobile, and placed no obligation on plaintiff. As a result, defendants contend that there is no consideration supporting the purported contract.

Whether the entry of a contest ticket into a raffle or contest gives rise to a binding contract is an issue of first impression for North Carolina courts. We choose to follow the majority of jurisdictions that hold contract law governs the issue. *See Annotation, Private Contest*

**JONES v. CAPITOL BROADCASTING CO.**

[128 N.C. App. 271 (1998)]

*and Lotteries: Entrants' Rights and Remedies*, 64 A.L.R.4th 1021, 1045-52 (1988). We adopt the rule that advertising a promotional contest to the public is in the nature of an offer. An enforceable contract is formed when a party accepts that offer and consideration is provided by entering the contest and complying with all of the terms of the offer. *See Walters v. National Beverages, Inc.*, 422 P.2d 524 (Utah 1967) (public promotion program offering automobile as first prize governed by contract law); *Johnson v. BP Oil Company*, 602 So.2d 885 (Ala. 1992) (running a promotional contest is in the nature of offer and enforceable contract is formed when party accepts); *Haynes v. Department of the Lottery*, 630 So.2d 1177 (Fla. 1994) (lottery winner's entitlement to a prize is governed by the principles of contract law), *review denied*, 642 So.2d 746 (1994); *Lucas v. Godfrey, Reader's Digest Association*, 467 N.W.2d, 180 (Wis. 1991) (contract law governs relationship between sponsor and contestant, so that contestant who returns card accepts offer to enter the contest and if number is selected, contestant is entitled to prize).

In this case, plaintiff alleged that he entered the Contest by submitting an entry form in exchange for an opportunity to have it drawn as the winning ticket. Plaintiff's name was drawn and plaintiff was notified by defendant that he had won the prize or its cash equivalent. Plaintiff has never received the truck or anything else. We find these allegations sufficient to state a claim for breach of contract.

[2] Next, we also find that plaintiff has stated a cause of action under G.S. § 75-32. The statute provides:

No person, firm or corporation engaged in commerce shall, in connection with the sale or lease or solicitation for the sale or lease of any goods, property, or service, represent that any other person, firm or corporation has won anything of value or is the winner of any contest, unless all of the following conditions are met:

(1) The recipient of the prize must have been selected by a method in which no more than ten percent (10%) of the names considered are selected as winners of any prize;

(2) The recipient of the prize must be given the prize without any obligation; and

(3) The prize must be delivered to the recipient at no expense to him, within 10 days of the representation.

**JONES v. CAPITOL BROADCASTING CO.**

[128 N.C. App. 271 (1998)]

The use of any language that has a tendency to lead a reasonable person to believe he has won a contest or anything of value, including but not limited to "congratulations," and "you are entitled to receive," shall be considered a representation of the type governed by this section.

G.S. § 75-32 (1994).

Defendants argue that plaintiff has not stated a claim under the statute because they were not engaged "in commerce . . . in connection with the sale or lease or solicitation for the sale or lease of any goods" while operating the Contest. Plaintiff counters by claiming that while the purchase of a car was not necessary, the clear purpose of the contest was to advertise, generate interest in, and solicit customers for the purchase of Ford automobiles. This purpose qualifies as commerce in "connection with the sale or solicitation of goods."

Defendants admit in their own brief that, "as a promotion, Capitol Broadcasting and Carolina Ford dealers organized a contest to give away a Ford F-150 truck." Advertising and promoting consumer interest in one's products are clearly business activities. Defendants rely on our decision in *Malone v. Topsail Area Jaycees, Inc.*, 113 N.C. App. 498, 439 S.E.2d 192 (1994), in which we found that promotional activity did not amount to "business activities . . . in commerce." However, *Malone* is distinguishable from the facts of this case. In *Malone*, we held that a golfing contest which was sponsored by a non-profit corporation in order to raise money did not, "in the absence of any other evidence or allegations relating to the business activities" of the nonprofit corporation, "affect[] commerce" for purposes of the unfair and deceptive trade practices statute. *Id.* at 502, 439 S.E.2d at 194.

In the instant case, defendants are in the business of advertising and selling automobiles. The Contest was calculated to promote and encourage additional sales of those automobiles. Defendants used language which had a tendency to lead plaintiff to believe that he had won a new truck in its contest; he was told "Congratulations, you have won a F-150 Ford truck," thereby triggering the statute. Defendants then failed to deliver the truck to plaintiff within ten days of its representation to him that he had won. We find these allegations sufficient to state a claim for violation of G.S. § 75-32.

[3] Finally, plaintiff contends that he has also stated a claim for violation of the unfair and deceptive trade practices act under G.S. § 75-1.1. We disagree.

Under G.S. § 75-1.1, an act or practice is unfair if it "is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers." *Marshall v. Miller*, 302 N.C. 539, 548, 276 S.E.2d 397, 403 (1981). An act or practice is deceptive if it "has the capacity or tendency to deceive." *Id.* at 548, 276 S.E.2d at 403. A mere breach of contract, even if intentional, is not an unfair or deceptive act under G.S. § 75-1.1. *Bartolomeo v. S.B. Thomas, Inc.*, 889 F.2d 530, 535 (4th Cir. 1989); *Mosley & Mosley Builders, Inc. v. Landin Ltd.*, 97 N.C. App. 511, 518, 389 S.E.2d 576, 580, *disc. review denied*, 326 N.C. 801, 393 S.E.2d 898 (1990). "[A] plaintiff must show substantial aggravating circumstances attending the breach to recover under the Act." *Bartolomeo*, 889 F.2d at 535.

A claim is properly dismissed where there is "an absence of facts sufficient to make a good claim." *Garvin v. City of Fayetteville*, 102 N.C. App. 121, 401 S.E.2d 133 (1991). Here, plaintiff's complaint does not allege any aggravating circumstances. Plaintiff merely contends that defendants engaged in unfair and deceptive business practices by breaching its contract in failing to award him a truck. We conclude that these facts do not present aggravating circumstances surrounding defendant's breach of contract and are insufficient to raise a claim of unfair and deceptive practices pursuant to G.S. § 75-1.1.

In conclusion, we find that plaintiff has stated a claim for breach of contract and a claim under G.S. § 75-32, but has not stated a claim of unfair deceptive trade practices under G.S. § 75-1.1. The trial court's order is therefore affirmed in part and reversed in part.

Affirmed in part and reversed in part.

Judges MARTIN, John C. and McGEE concur.