WAYNE GREESON v. H. W. BYRD

No. 8115DC262

(Filed 17 November 1981)

1. **Agriculture § 6— assignment of sharecropping agreement**

     A farm lease (sharecropping) agreement is personal in nature and is thus non-assignable without the landlord's consent since the landlord's receipts under the contract are directly related to the sharecropper's skill and industry.

2. **Agriculture § 7— sharecropping agreement—plowing of land—inability to complete cultivation of crop—no recovery for value of services**

     Plaintiff sharecropper who plowed defendant owner's land in preparation for planting but was unable to complete the farming of a crop due to illness could not recover the fair market value of the plowing from defendant under the theory of partial performance of the contract since it was the crop to be cultivated and harvested by plaintiff, not plaintiff's labor, for which defendant

bargained. Nor was plaintiff entitled to recover the value of his services under the theory of unjust enrichment where there was no evidence that any benefit inured to defendant as a result of plaintiff's partial performance.

APPEAL by defendant from *Harris, Judge.* Judgment entered 10 December 1980 in District Court, ALAMANCE County. Heard in the Court of Appeals 12 October 1981.

Plaintiff brought this action to recover payment for services he allegedly rendered to defendant when he plowed defendant's land in partial performance of his obligations under a farm lease agreement.

It is undisputed that plaintiff entered into a lease agreement with defendant under the terms of which he was to produce a crop on defendant's land in exchange for a share of the proceeds of sale. Plaintiff plowed the land in preparation for planting, but was unable to complete the farming of the crop due to illness. Defendant leased the land, upon surrender by plaintiff, to another "cropper" under a similar arrangement. Plaintiff sought payment for his labor according to the fair market value of the plowing. Judgment was entered pursuant to a jury verdict for plaintiff in the amount prayed for, $1,232.50, plus interest and costs. Defendant appeals.

*North State Legal Services, Inc., by Philip N. Lehman, for plaintiff appellee.*

*Aubrey G. Blanchard, Jr. and Hemric, Hemric and Elder, by H. Clay Hemric, Jr., for defendant appellant.*

ARNOLD, Judge.

[1] We note at the outset that defendant's argument that the court erred in admitting evidence of plaintiff's willingness to secure substitute performance of the contract is well taken. A farm lease (sharecropping) agreement is personal in nature and thus non-assignable without the landlord's consent since the landlord's receipts under the contract are directly related to the lessee's skill and industry. *See* 49 Am. Jur. 2d, *Landlord and Tenant,* Sec. 400. However, for the reasons set forth below, we find it unnecessary to reach the question of whether this error was prejudicial.

[2] The trial court's entry of judgment in accordance with the jury's finding that the defendant was obligated to the plaintiff to the extent of the market value of plaintiff's labor was error. It is true that a "cropper" who, through no fault of his own, surrenders the leasehold before harvesting the crop has been held to have an interest in the proceeds of the sale of the crop. *Parker v. Brown*, 136 N.C. 280, 48 S.E. 657 (1904). However, the case at bar is distinguishable on its facts from *Parker* in that no crop had been planted in which plaintiff could claim an interest at the time he surrendered the leasehold. Moreover, it was the crop to be cultivated and harvested by the plaintiff, not the plaintiff's labor, for which the defendant bargained. Thus, there could be no recovery for the value of partial performance of the contract since no part of the crop was produced.

The jury could have based its award only on a finding that defendant had been unjustly enriched, and that equity therefore justified imposition of a contract implied in law. On this theory, the plaintiff would be entitled to recover the value of his services (*quantum meruit*). However, one of the necessary elements for recovery on a contract implied in law is missing here — there is no evidence in the record to indicate that any benefit inured to the defendant as a result of plaintiff's partial performance. Without enrichment, there can be no "unjust enrichment" and therefore no recovery on an implied contract. Dobbs, *Remedies* § 4.2 (1973).

Accordingly, defendant was entitled to a directed verdict.

Reversed.

Chief Judge MORRIS and Judge BECTON concur.