Forbes Homes, Inc. v. Trimpi

FORBES HOMES, INC., A NORTH CAROLINA CORPORATION v. JOHN G. TRIMPI AND TRIMPI, THOMPSON AND NASH

No. 831DC1083

(Filed 2 October 1984)

Contracts § 25.1— agent's agreement to make payments for third party—failure to pay—dismissal of action improper

The trial court erred in dismissing plaintiff's action pursuant to G.S. 1A-1, Rule 12(b)(6) where plaintiff alleged facts which, if offered in evidence, would allow a jury to find that defendant attorneys promised plaintiff that, if plaintiff would make certain payments for a third party, defendants would retain from the proceeds of a claim they were handling for the third party funds with which they would reimburse plaintiff; plaintiff accepted this offer by making the payments; defendants refused to reimburse plaintiff from the proceeds of the settlement for the third party; and if a jury should find these facts, the defendant would be liable to the plaintiff for breach of contract.

Judge JOHNSON dissenting.

APPEAL by plaintiff from *Beaman, Judge.* Judgment entered 3 August 1983 in District Court, PASQUOTANK County. Heard in the Court of Appeals 21 August 1984.

The plaintiff appeals from a judgment dismissing its action. The plaintiff alleged that the defendant John G. Trimpi promised the plaintiff that if the plaintiff would make certain payments on behalf of Milford Simpson that Mr. Trimpi would reimburse the plaintiff from proceeds of a personal injury claim Mr. Trimpi was handling for Mr. Simpson. The plaintiff incorporated as part of its complaint a letter from Mr. Trimpi which said in part:

"Subject to ,Mr. Simpson's approval, which I feel certain he will give, this firm will make restitution to you out of the net proceeds from any settlement or court recovery we make with regard to Mr. Simpson's personal injury claim arising out of an accident occurring on March 17, 1979. If you do not hear from us within ten days from receipt of this letter, you may assume that Mr. Simpson has given us the authority to make such payment to you."

The plaintiff alleged further that it was not notified that Mr. Simpson had not given the defendant authority to pay the plaintiff from the proceeds of the personal injury claim and acting on the representations of the defendant it had made the payments

totalling $4,192.92 on Mr. Simpson's account. The plaintiff alleged on information and belief that the personal injury claim had been settled and the defendant John Trimpi had refused to make payment as he had promised to do.

The Court granted the defendants' motion to dismiss pursuant to G.S. 1A-1, Rule 12(b)(6) and the plaintiff appealed.

*Frank B. Aycock, Jr., for plaintiff appellant.*

*Trimpi, Thompson and Nash by Thomas P. Nash, IV, for defendants appellees.*

WEBB, Judge.

We reverse the judgment of the District Court. The plaintiff has alleged facts which if offered in evidence would allow a jury to find the defendants promised the plaintiff that if the plaintiff would make certain payments for a third party, the defendants would retain from the proceeds of a claim they were handling for the third party funds with which they would reimburse the plaintiff. The plaintiff accepted this offer by making the payments and the defendants have refused to reimburse the plaintiff from the proceeds of the settlement for the third party. If a jury should find these facts, the defendant would be liable to the plaintiff for breach of contract.

The defendants, relying on *Smith v. State*, 289 N.C. 303, 222 S.E. 2d 412 (1976), argue that Mr. Trimpi was the agent of Mr. Simpson and that an agent acting within the scope of his authority is not liable for a contract made for his principal. We do not disagree with this statement of the law. If, as in this case, however, the agent agrees with the promisee that he will be bound by the contract he is so bound and is liable for the contract's breach.

Reversed and remanded.

Judge PHILLIPS concurs.

Judge JOHNSON dissents.

Judge JOHNSON dissenting.

I respectfully dissent from the majority opinion. I believe that under the holding of *Smith v. State*, 289 N.C. 303, 222 S.E. 2d 412 (1976), the plaintiff's cause of action lies against the principal, Mr. Simpson, and not the agent, Mr. Trimpi. When a contract is made with a known agent, acting within the scope of his authority for a disclosed principal, the contract is that of the principal alone. *See also, Jenkins v. City of Henderson*, 214 N.C. 244, 247, 199 S.E. 37, 39 (1938). The letter from Mr. Trimpi to the plaintiff discloses that Mr. Trimpi was acting as an agent for his principal, Mr. Simpson, seeking to use the principal's funds to fulfill the obligations of the contract.