585 So.2d 1064 (1991)
Lee G. SANDERS, Appellant,
v.
CITIZENS NATIONAL BANK OF LEESBURG, Appellee.
No. 90-2290.
District Court of Appeal of Florida, Fifth District.
September 5, 1991.
Rehearing Denied October 1, 1991.
*1065 Gordon G. Oldham, Jr., of Cauthen & Oldham, P.A., Tavares, for appellant.
Walter S. McLin, III of McLin, Burnsed, Morrison, Johnson & Robuck, P.A., Leesburg, for appellee.
GRIFFIN, Judge.
Appellant seeks review of an order dismissing with prejudice his suit seeking damages against Citizens National Bank of Leesburg (the "Bank") on claims of negligence, breach of contract, "failure of consideration" and accounting. Appellant alleged, in summary, that the Bank undertook, for consideration, to serve as trustee of an unfunded irrevocable life insurance trust[1] which the appellant wished to establish for his wife and children as beneficiaries. Because the trust corpus was not sufficient to fully fund the insurance policy premiums, appellant periodically transferred funds to the trust so the bank could pay the premiums without invading the cash value of the policies. The trust instrument expressly provided that appellant had no legal duty to continue to fund the trust.
The complaint alleges that, beginning approximately three years after the trust was established, the Bank repeatedly failed to timely pay premiums necessary to maintain the various policies that formed the corpus of the trust and made misrepresentations both to the appellant and to the beneficiaries concerning their mismanagement of the trust. Due to the failure to timely pay premiums, the largest policy in the trust was cancelled. Because of health problems experienced by appellant in the intervening years, the only replacement policy the Bank was able to obtain contained less favorable terms at a higher premium. When appellant discovered the bank's error he refused to fund this new policy, so the Bank exhausted the cash value of the remaining policies in the trust to recover the cost of the replacement policy which the bank had "loaned" to the trust. The Bank then resigned as trustee.
The beneficiaries of the trust filed suit against the Bank and appellant filed his own separate action. The trial court ruled that appellant had no standing to sue for the Bank's alleged misconduct as trustee, because, by the express terms of the trust instrument, appellant had divested himself irrevocably of all legal and equitable claim to the corpus of the trust and retained no other rights under the trust instrument.
Appellant first urges, analogizing himself to a promisee in a third party beneficiary context, that general contractual principles should apply and allow him to assert a claim.[2] The creation of a trust, however, is essentially a conveyance, rather than a contract, and trust principles rather than contract principles normally apply. Restatement (Second) of Trusts § 197 (1959). It is well recognized that the settlor of an irrevocable trust who has retained no beneficial interest in the trust res has no right of action against the trustee for either breach of the trust or breach of contract. 3 W. Fratcher, Scott on Trusts, *1066 §§ 197.2, 200.1 (4th ed. 1988); G. Bogert, Trusts and Trustees § 42 (rev. 2d ed. 1984). See also Restatement (Second) of Trusts § 200 (1959).
In a 1984 law review article entitled Grantor Enforcement of Trusts: Standing In One Private Law Setting,[3] Professor Gaubatz, the author, suggested the well-recognized rule that the settlor of an irrevocable trust may not sue to enforce a trust is actually subject to a number of exceptions that have developed without being much noticed or analyzed. 62 N.C.L.Rev. at 905. Appellant contends the exceptions identified by Professor Gaubatz should apply in this case. The exceptions are: (1) the grantor had some foreseeable economic interest in the subject matter of the alleged breach; (2) the breach violated the grantor's substantial expectations, which expectations resulted from the trustee's action in soliciting or accepting the trust; or (3) the grantor is acting as the representative of the beneficial interests.
To begin with, none of these identified exceptions was pleaded in appellant's complaint or was supported by the facts pleaded. Even looking beyond the pleadings to the assertions made by both parties in the briefs, it does not appear any of these exceptions could or should apply in this case. The only "economic interest" identified by appellant is that the purpose of the trust was to pay the taxes on appellant's estate. The exception for frustration of a settlor's "substantial expectations" appears designed to protect against a fraudulent misrepresentation made to procure establishment of a charitable trust, not the negligent performance of the fiduciary's duties, or even misrepresentations made to the settlor in the course of carrying out the trustee's duties, as allegedly occurred in the present case. Finally, appellant is not functioning as the "representative" of the beneficiaries; they have brought suit in their own right.[4]
One reason to look closely at the "no grantor enforcement" rule in the present case is concern that restricting a cause of action to the beneficiaries might prevent recovery from the Bank equal to the loss caused by the bank's errors in light of the fact that appellant's funding of the trust was voluntary and virtually all trust transactions involved the appellant and the Bank alone.[5] If the facts alleged by the beneficiaries are proved, however, the broad equitable powers of the lower court appear adequate to redress any breach of duty by the trustee.[6] The appellant has not identified any special damage he has directly suffered as the result of the Bank's actions.[7] Based on the allegations of appellant's complaint, there is no reason to depart from the rule that the settlor of an irrevocable trust cannot sue the trustee for breach of its trust duties. Appellant's suit was properly dismissed.
AFFIRMED.
DAUKSCH and COBB, JJ., concur.
NOTES
[1] The great majority of such trusts are "unfunded", i.e., established without the assets necessary to pay premiums; the settlor typically makes the monies available to pay the premiums as they come due. G. Bogert, Trusts and Trustees § 235 (rev. 2d ed. 1984).
[2] Many courts have allowed an insured under a policy of life insurance to recover damages as though he were the real beneficiary of the promised performance. 5 A. Corbin, Corbin on Contracts § 1088 (1964).
[3] J. Gaubatz, Grantor Enforcement of Trusts: Standing In One Private Law Setting, 62 N.C.L.Rev. 905 (1984).
[4] Professor Gaubatz points out that the classicly recognized exception to the "no grantor enforcement" rule is where the grantor pleads the existence of a contractual undertaking between the grantor and the trustee separate from the trustee's duties as trustee under the trust agreement. 62 N.C.L.Rev. at 910. In the present case, appellant clearly alleged that the basis of his breach of contract claim was the trust agreement of March 23, 1981.
[5] Depending on the facts developed at trial, even if the Bank had made no error and, thus, had no duty to repair the damage to the trust, the beneficiaries were entitled to be notified by the trustee that the trust corpus was threatened so that they could have the opportunity to preserve it. G. Bogert, Trusts and Trustees § 238 (rev. 2d ed. 1984).
[6] See Corbin on Contracts § 1088 n. 82; Bogert § 238 at 81.
[7] No attempt is made to explain appellant's need or desire to sue in his own right. We note, however, that appellant's principal claims are legal in nature, punitive damages are claimed and a jury trial is demanded.