ANNA CAROL SCOTT, Plaintiff v. UNITED CAROLINA BANK, as trustee for HERBERT INGRAM; and RICHARD S. CLARK, Individually, and as trustee for HERBERT INGRAM, Defendants

No. COA97-1180

(Filed 4 August 1998)

1. **Contracts— personal services—Rule 12(b)(6) motion granted**

   A claim against a trust to recover in contract for services to the incapacitated beneficiary was properly dismissed on a Rule 12(b)(6) motion where the complaint alleged that the trustee represented to plaintiff that she would be paid, but did not allege an offer or an acceptance and did not set forth any terms and conditions upon which plaintiff was to provide care.

2. **Quantum Meruit— personal services to trust beneficiary— action against trust**

   The trial court erred by granting defendants' 12(b)(6) motion for dismissal of a quantum meruit claim against a trust for personal services provided to plaintiff's cousin, the incapacitated beneficiary of the trust. Although there is a presumption of gratuity for services rendered to a person by members of his or her immediate family, the presumption does not apply to services rendered by more distant relatives living apart and plaintiff's complaint, liberally construed, sufficiently alleges that her services in caring for the beneficiary were knowingly and voluntarily accepted by the trustees with the knowledge that plaintiff expected payment and that the services were not gratuitous. It does not follow that every benefit conferred upon the beneficiary of the trust is a benefit conferred upon the trust, but, under the language of the trust indenture in this case, benefits conferred on the beneficiary in furtherance of the trust's purpose could properly be found to be benefits conferred on the trust. However, plaintiff did not allege any definite time for payment and her claim may proceed only for compensation for services rendered within the three-year period immediately preceding her commencement of this action.

3. **Trusts— personal services to beneficiary—claim against trust by third party**

   The trial court did not err by granting defendants' 12(b)(6) motion to dismiss a claim against a trust by a third party provid-

ing personal services to the incapacitated beneficiary. No one except a beneficiary or one suing on his behalf can maintain a suit against the trustee to enforce the trust or to enjoin or to redress a breach of trust; even if plaintiff's intention is to proceed against the assets of the trust as a creditor of a beneficiary, her action against the trustees will not lie, as she is at best an incidental beneficiary.

**4. Trusts— personal services—claim against trustee in individual capacity**

The trial court properly granted defendant-trustee's 12(b)(6) motion to dismiss a claim against him in his individual capacity by a plaintiff providing services to her cousin, the trust beneficiary. An agent acting within the scope of his authority is not liable upon a contract made for his principal, absent an agreement to be bound by the contract. Any such agreement on the part of defendant-trustee to assume the debt of the trust or of the beneficiary would be required to be in writing and signed by him; plaintiffs allege no such agreement.

Appeal by plaintiff from orders entered 28 April 1997 and 17 July 1997 by Judge Russell G. Walker, Jr., in Anson County Superior Court. Heard in the Court of Appeals 11 May 1998.

*Henry T. Drake for plaintiff-appellant Anna Carol Scott.*

*Poyner & Spruill, L.L.P., by Lee A. Spinks, for defendant-appellee United Carolina Bank.*

*Hartsell Hartsell Spainhour Shelley & White, P.A., by W. Erwin Spainhour, and J. Merritt White, III, for defendant-appellee Richard S. Clark.*

MARTIN, John C., Judge.

Plaintiff brought this action seeking to recover payment for services which she allegedly rendered to Herbert W. Ingram. Defendants moved to dismiss pursuant to G.S. § 1A-1, Rule 12(b)(6) for plaintiff's failure to state a claim upon which relief can be granted. Plaintiff appeals from an order granting defendants' motion and dismissing the complaint, and from an order denying her subsequent motion for reconsideration or a new hearing.

In her complaint, plaintiff alleged that defendants are trustees of a trust created on 31 December 1962 for the benefit of Herbert W.

Ingram; that the principal purpose of the trust was to provide for Herbert Ingram's support, comfort, and maintenance; that Herbert Ingram is incapable of properly caring for himself; and that plaintiff, who is Herbert Ingram's cousin, has cared and provided for him since December 1989. Plaintiff further alleged that defendant Clark "has represented to [her] that she would be compensated for her efforts in the care of [Mr. Ingram]" and "[t]hat . . . United Carolina Bank has been made aware of this representation." She alleged both defendants were aware of her expectation of compensation.

---

In her brief, plaintiff states two separate questions and attempts to present them for our review under a single argument. Neither the stated questions nor the heading of the argument refer to the assignments of error pertinent thereto; however, we will exercise our discretion to suspend the requirements of N.C.R. App. P. 28(b)(5) and will consider the argument. N.C.R. App. P. 2. In doing so, however, we will consider only plaintiff's first assignment of error, directed to the dismissal of her complaint. She has offered no reason or authority in support of her second assignment of error, directed to the order denying her motion for reconsideration; we therefore deem it to have been abandoned and dismiss her appeal from the 17 July 1997 order. N.C.R. App. P. 28(a) & (b)(5).

Defendants' motions to dismiss pursuant to G.S. § 1A-1, Rule 12(b)(6) present the question of whether the allegations of the complaint, treated as true, are sufficient to state a claim upon which plaintiff may be granted relief under some legal theory. *Harris v. NCNB National Bank*, 85 N.C. App. 669, 335 S.E.2d 838 (1987). The complaint must be liberally construed and the motion should be denied unless the complaint discloses that plaintiff is entitled to no relief under any set of facts which could be proved in support of the claim. *Id.*, (citing *Stanback v. Stanback*, 297 N.C. 181, 254 S.E.2d 611 (1979)). "Such a lack of merit may consist of the disclosure of facts which will necessarily defeat the claim as well as where there is an absence of law or fact necessary to support a claim." *Id.* at 671, 335 S.E.2d at 840-41. The motion is determined upon the complaint alone; if matters outside the complaint are presented to and considered by the trial court, the motion is converted to one for summary judgment pursuant to Rule 56. *Stanback, supra.* In the present case, however, the trial court could properly consider the trust indenture referred to in plaintiff's complaint without expanding the scope of the hearing to one for summary judgment. *Brooks Distributing Co., Inc. v. Pugh*, 91

N.C. App. 715, 373 S.E.2d 300 (1988), *reversed on other grounds*, 324 N.C. 326, 378 S.E.2d 311 (1989).

Plaintiff's complaint alleges four grounds upon which she contends she is entitled to compensation: (1) recovery under contract; (2) *quantum meruit* recovery for the value of services rendered to the trust; (3) recovery under the trust indenture itself; and (4) recovery from defendant Clark as an individual.

I.

[1] In her first claim for relief, plaintiff seeks to recover from the trust in contract. She alleges that defendant Clark represented to her that she would be paid, that she relied upon the representation, and that she provided services to Ingram. The complaint, however, does not allege the essential elements required to state a claim in contract; it alleges neither an offer nor an acceptance nor does it set forth any of the terms and conditions upon which plaintiff was to provide care to Ingram. Thus, the complaint alleges neither mutuality of agreement nor facts from which the essential terms of the contract could be supplied. *See Gray v. Hager*, 69 N.C. App. 331, 317 S.E.2d 59 (1984); *Hammers v. Lowe's Companies, Inc.*, 48 N.C. App. 150, 268 S.E.2d 257 (1980). Plaintiff's first claim for relief was properly dismissed.

II.

[2] Plaintiff's second claim for relief is based in *quantum meruit*. The complaint alleges, and the provisions of the trust agreement establish, that the purpose of the trust was to provide for Herbert Ingram's support and maintenance. Plaintiff alleges that because she provided material support and care for Ingram, the trust was not required to expend funds which it would have been otherwise required to provide. Thus, she contends, the trust received a financial benefit and she is entitled to compensation equal to the value of the benefit she conferred upon the trust.

"To recover in *quantum meruit*, plaintiff must show (1) services were rendered to defendants; (2) the services were knowingly and voluntarily accepted; and (3) the services were not given gratuitously." *Environmental Landscape Design v. Shields*, 75 N.C. App. 304, 306, 330 S.E.2d 627, 628 (1985). *Quantum meruit* claims require a showing that both parties understood that services were rendered with the expectation of payment. *Bales v. Evans*, 94 N.C. App. 179, 379 S.E.2d 698 (1989).

Although there is a presumption of gratuity for services rendered to a person by members of his or her immediate family, the presumption does not apply to services rendered by more distant adult relatives living apart. *Allen v. Seay*, 248 N.C. 321, 103 S.E.2d 332 (1958). In all other cases, the law presumes that valuable services are rendered with the expectation of payment.

> It is established by a number of decisions that in the absence of some express or implied gratuity . . . services rendered by one person to or for another, which are knowingly and voluntarily received, are presumed to be given and accepted in expectation of being paid for, and the law will imply a promise to pay what they are reasonably worth (citations omitted).

*Ray v. Robinson*, 216 N.C. 430, 431, 5 S.E.2d 127, 128 (1939). For the purposes of the present motion to dismiss, therefore, the presumption applies that plaintiff expected payment for any services which she rendered.

*Quantum meruit* claims arise out of the principle that one person should not be unjustly enriched at the expense of another.

> "A quasi-contractual obligation is one that is created by the law for reasons of justice, without any expression of assent and sometimes even against a clear expression of dissent," *Cox v. Shaw*, 263 N.C. 361, 139 S.E.2d 676, and "generally, quasi or constructive contracts rest on the equitable principle that a person shall not be allowed to enrich himself unjustly at the expense of another, and on the principle that whatsoever it is certain that a man ought to do, that the law supposes him to have promised to do. The obligation to do justice rests on all persons, and if one obtains money or property of others without authority, the law, independently of express contract, will compel restitution of compensation." 17 C.J.S. Contracts § 6, pp. 570, 571.

*Root v. Allstate Ins. Co.*, 272 N.C. 580, 583, 158 S.E.2d 829, 832 (1968).

Plaintiff's complaint, liberally construed, sufficiently alleges that her services in caring for Herbert Ingram were knowingly and voluntarily accepted by the trustees with the knowledge that plaintiff expected payment and the services were not gratuitous. Thus, the only ground upon which the trial court could have found plaintiff's *quantum meruit* claim lacking is in the first element, i.e., that plaintiff, in rendering the services, conferred a benefit on the trust. *Quantum meruit* does not apply where no benefit accrues to the

party from whom compensation is sought. *Goldston Bros. v. Newkirk*, 233 N.C. 428, 64 S.E.2d 424 (1951).

In most instances, where a party agrees to pay for services, that agreement is sufficient to show that the services constituted a benefit. *See Johnson v. Sanders*, 260 N.C. 291, 132 S.E.2d 582 (1963). The situation posed by the imposition of the *quantum meruit* theory upon a trust or similar entity, however, is more complicated. Obviously, the services rendered by plaintiff conferred a benefit upon Herbert Ingram. The trust from which plaintiff seeks recovery was established for his benefit. However, it does not necessarily follow that every benefit conferred upon the beneficiary of a trust is, therefore, a benefit conferred upon the trust, particularly since the trust in this case may not have been in a position to refuse the benefit. For example, in a trust created for a specific purpose, such as the education of a child, services outside the scope of the trust's contemplation performed for the benefit of the beneficiary would not confer a benefit on the trust. Where, however, the language of the trust indenture directs, as in this case, that the trust be administered for a particular purpose "for the benefit of" the beneficiary, benefits conferred on the beneficiary in furtherance of that purpose could properly be found to be benefits conferred on the trust. Moreover, plaintiff has alleged that one of the trustees represented to her that she would receive payment for the care which she allegedly provided to Ingram, and for which the trust was responsible. This allegation suggests that the trustees, who were granted "absolute discretion" to "employ such agents as they deem advisable" in order to "maintain and support" Ingram, considered the care rendered to Ingram by plaintiff a benefit to the trust. We hold that the plaintiff's allegations, liberally construed, are sufficient to allege that a benefit has been conferred on the trust and to state a claim for relief against the trust in *quantum meruit*.

Plaintiff has alleged, however, continuous services rendered and support provided since December 1989, without alleging any definite time for payment. She did not commence this action until 7 November 1996.

When indefinite and continuous services are rendered without a definite time for payment having been arranged, payment becomes due as services are rendered. As a result, the cause of action for recovery of compensation under either implied contract or *quantum meruit* accrues as the services are rendered.

Plaintiff's recovery would be limited by N.C. Gen. Stat. § 1-52(1) (1983) to the three year period preceding this action . . . ."

*Thomas v. Thomas*, 102 N.C. App. 124, 125, 401 S.E.2d 396, 397 (1991) (citations omitted).

> "For recovery of compensation upon implied contract or *quantum meruit* for services rendered, the cause of action accrues according to circumstances as follows: (a) For indefinite and continuous service, without any definite arrangement as to time for compensation, payment may be required [as the services are rendered]. 'The implied promise is to pay for services as they are rendered, and payment may be required whenever *any are rendered*; and thus the statute is silently and steadily excluding so much as are beyond the prescribed limitation.' . . ." (citations omitted) (emphasis original).

*Hicks v. Hicks*, 13 N.C. App. 347, 350, 185 S.E.2d 430, 432 (1971) (quoting *Doub v. Hauser*, 256 N.C. 331, 337, 123 S.E.2d 821, 825 (1962)). Thus, plaintiff's claim for recovery in *quantum meruit* may proceed only for compensation for services rendered within the three year period immediately preceding her commencement of this action.

### III.

[3] In her third claim for relief, plaintiff claims she is entitled to recover from the trust under the provisions of the trust instrument which "provides that payment should be made for the support and maintenance of" Mr. Ingram. However, her complaint alleges neither that she is Mr. Ingram's creditor nor that the trust instrument contains any provision allowing a third party to compel disbursement.

"No one except a beneficiary or one suing on his behalf can maintain a suit against the trustee to enforce the trust or to enjoin or obtain redress for a breach of trust." *Restatement 2d, Trusts*, § 200. A beneficiary is one for whose benefit a trust directly and specifically provides. *Id.*, § 126. "A person who incidentally benefits from the performance of the trust, but who is not a beneficiary of the trust, cannot maintain a suit to enforce the trust." *Id.*, § 200, Comment c. Example 5 of comment a, § 126 of the Restatement is analogous to Ms. Scott's situation:

> A bequeaths money to B in trust to apply the income to the education of C in a specified private school. The proprietor of the

SCOTT v. UNITED CAROLINA BANK

[130 N.C. App. 426 (1998)]

school is not a beneficiary of the trust and cannot compel B to send C to the school and is not entitled to maintain an action against B for breach of trust if he fails to send C to the school.

Other jurisdictions have uniformly upheld the proposition that only beneficiaries have standing to sue to enforce a trust. *See, e.g., Thompson Coal Co. v. Pike Coal Co.*, 412 A.2d 466 (Pa. 1979); *Child v. Hayward*, 400 P.2d 758 (Utah 1965); *Sanders v. Citizens Nat. Bank*, 585 So.2d 1064 (Fla. App. 1991).

Item Two of the trust indenture directs:

A. During the lifetime of HERBERT W. INGRAM, JR., the entire net income from this Trust shall be applied for his benefit each month plus additional sums from the principal as in the absolute discretion of the Trustees shall be necessary to support and maintain him, and to provide for his emergency needs if the net income from this Trust shall not be sufficient for said purposes.

B. In satisfaction of the provision of Paragraph A above, the Trustees are authorized to pay or apply for the benefit of Herbert W. Ingram, Jr., so much of the principal of this trust as may be necessary, even to the full extent of the entire principal of this Trust.

C. The trustees may, in their discretion, determine the amounts to be paid over to Herbert W. Ingram, Jr., in satisfaction of Paragraphs A and B above, and may pay for the support, maintenance and emergency needs of the said Herbert W. Ingram, Jr., directly, and retain for his benefit the remainder.

Mr. Ingram is the sole beneficiary of the trust. Even if, as is suggested by the briefs of both parties, plaintiff's intention is to proceed against the assets in trust as a creditor of Mr. Ingram, her action against the trustees will not lie, as she is at best an incidental beneficiary. Plaintiff's third claim for relief was properly dismissed.

IV.

[4] Plaintiff's final claim for relief is asserted against Richard S. Clark in his individual capacity. She alleges that defendant Clark represented that she would be paid for her services to Mr. Ingram, that she relied upon those representations, and that defendant Clark should be required to personally pay her if she is not entitled to recover from the trust.

An agent acting within the scope of his authority is not liable upon a contract made for his principal, absent an agreement to be bound by the contract. *Smith v. State*, 289 N.C. 303, 222 S.E.2d 412 (1976); *Forbes Homes, Inc. v. Trimpi*, 70 N.C. App. 614, 320 S.E.2d 328 (1984), *affirmed*, 313 N.C. 168, 326 S.E.2d 30 (1985). Any such agreement on the part of defendant Clark to assume the debt of the trust or of Mr. Ingram would be required to be in writing and signed by him. N.C. Gen. Stat. § 22-1. Plaintiff has alleged no such agreement and her claim against defendant Clark individually was properly dismissed.

In summary, we affirm so much of the trial court's 28 April 1997 order as dismisses plaintiff's first, third, and fourth claims for relief. We reverse, however, that portion of the order which dismisses plaintiff's second claim for relief and remand the case to the Superior Court of Anson County for such further proceeding as may be required, consistent with this opinion. Plaintiff's appeal from the 17 July 1997 order denying her motion for reconsideration or a new hearing is dismissed.

Appeal from 28 April 1997 Order—affirmed in part; reversed in part, and remanded.

Appeal from 17 July 1997 Order—Dismissed.

Judges LEWIS and SMITH concur.