GUY F. WING D/B/A FRANKLIN HOMES CONSTRUCTION, PLAINTIFF V.
TOWN OF LANDIS, DEFENDANT

No. COA03-1021

(Filed 3 August 2004)

**Quantum Meruit— cost of unused engineering plans—no benefit received**

Summary judgment was properly granted for defendant town on a developer's quantum meruit claim for the cost of plans for a water line extension which was never built. There was no showing that the plans for the extension were prepared by plaintiff in expectation of repayment by defendant or that defendant received any benefit from the plans.

Appeal by plaintiff from order entered 20 May 2003 by Judge Kim S. Taylor in Rowan County Superior Court. Heard in the Court of Appeals 21 April 2004.

*Ferguson, Scarbrough & Hayes, P.A., by James E. Scarbrough, for plaintiff-appellant.*

*Woodson, Sayers, Lawther, Short, Parrott & Walker, L.L.P., by Donald D. Sayers, for defendant-appellee.*

GEER, Judge.

Plaintiff Guy F. Wing, d/b/a Franklin Homes Construction, appeals from the trial court's order granting summary judgment to defendant Town of Landis on plaintiff's *quantum meruit* claim for reimbursement of the cost of engineering plans for a water line extension. Because there was no showing that the plans were prepared in expectation of payment by the Town or that the Town received any benefit from the plans, plaintiff has failed to produce a forecast of evidence sufficient to establish each of the elements of his claim. The trial court, therefore, properly granted defendant's motion for summary judgment.

Facts

Early in 2001, plaintiff, a developer, sought to have municipal water service extended to serve an expansion of his Highland Woods development in the town of Landis. The Town informed plaintiff that the State's approval of any extension of service was contingent

upon the Town's obtaining an additional water source from the City of Salisbury. The Town, however, agreed to apply to the N.C. Department of Environmental and Natural Resources ("DENR") for approval of an extension of its water service to Highland Woods. Plaintiff hired an engineer, at a cost of $22,469.00, to draft plans for the extension of service and to prepare an application for approval of the plans to be submitted to DENR. On 14 May 2001, the engineer submitted to DENR the completed application, signed by the Town's Mayor as required by DENR.

On 21 June 2001, DENR responded to the application by letter, requesting additional information prior to processing the application. The evidence is conflicting as to whether the Town's engineer or plaintiff's engineer was supposed to respond to DENR's request for additional information. In any event, neither responded.

Nevertheless, on 3 January 2002, DENR notified the Town that DENR would be able to approve expansion of the Town's water system since an "authorization to construct" letter had been issued to the City of Salisbury permitting it to supply additional water to the Town. When the Town's administrator called plaintiff's agent with the news, however, plaintiff's agent informed him that plaintiff no longer needed the water line extension. Plaintiff planned instead to construct community wells to serve the new homes. As a result, the water line extension has never been built.

On 5 August 2002, plaintiff filed a complaint alleging that by failing to respond to the State's requests for information, the Town breached its agreement to apply for approval of the application and, therefore, owed plaintiff $22,469.00 in reimbursement of plaintiff's cost in obtaining engineering plans for the water line extension. On 22 January 2003, the Town filed a motion for summary judgment, which the trial court granted in an order entered 20 May 2003. Plaintiff filed notice of appeal to this Court on 18 June 2003.

## Standard of Review

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." N.C.R. Civ. P. 56(c). The party moving for summary judgment has the burden of establishing the lack of a triable issue.

*Collingwood v. Gen. Elec. Real Estate Equities, Inc.*, 324 N.C. 63, 66, 376 S.E.2d 425, 427 (1989). The movant may meet this burden by showing that the opposing party cannot produce evidence to support an essential element of his claim or cannot surmount an affirmative defense that would bar the claim. *Id.* Once the moving party meets its burden, then the non-moving party must "produce a forecast of evidence demonstrating that [he] will be able to make out at least a prima facie case at trial." *Id.* In deciding the motion, all inferences of fact must be drawn against the movant and in favor of the party opposing the motion. *Caldwell v. Deese*, 288 N.C. 375, 378, 218 S.E.2d 379, 381 (1975).

On appeal, this Court's task is to determine whether, on the basis of the materials presented to the trial court, there is a genuine issue as to any material fact and whether the moving party is entitled to judgment as a matter of law. *Oliver v. Roberts*, 49 N.C. App. 311, 314, 271 S.E.2d 399, 401 (1980), *cert. denied*, —— N.C. ——, 276 S.E.2d 283 (1981). A trial court's ruling on a motion for summary judgment is reviewed *de novo* because the trial court rules only on questions of law. *Virginia Elec. & Power Co. v. Tillett*, 80 N.C. App. 383, 384-85, 343 S.E.2d 188, 191, *cert. denied*, 317 N.C. 715, 347 S.E.2d 457 (1986).

## Discussion

Plaintiff concedes that his agreement with the Town regarding the DENR application is unenforceable under N.C. Gen. Stat. § 160A-16 (2003), which provides that a contract made by or on behalf of a city is void and unenforceable unless it is in writing. *See also Concrete Machinery Co. v. City of Hickory*, 134 N.C. App. 91, 95, 517 S.E.2d 155, 157 (1999) (oral agreement to relocate sewer line unenforceable). Plaintiff contends on appeal, however, that he is entitled to recover his engineering costs under a theory of *quantum meruit*.

To recover in *quantum meruit*, a plaintiff must show that (1) services were rendered to the defendant; (2) the services were knowingly and voluntarily accepted; and (3) the services were not given gratuitously. *Scott v. United Carolina Bank*, 130 N.C. App. 426, 429, 503 S.E.2d 149, 152 (1998), *disc. review denied*, 350 N.C. 99, 528 S.E.2d 584 (1999). In addition, "[q]uantum meruit claims require a showing that both parties understood that services were rendered with the expectation of payment." *Id.* A party may recover from a municipality under a *quantum meruit* theory upon a proper show-

ing.[1] *See, e.g., Charlotte Lumber & Mfg. Co. v. City of Charlotte*, 242 N.C. 189, 87 S.E.2d 204 (1955) (plaintiff could recover against city in *quantum meruit*); *Hawkins v. Town of Dallas*, 229 N.C. 561, 50 S.E.2d 561 (1948) (plaintiff could recover against town in *quantum meruit*); *Orange Water & Sewer Auth. v. Town of Carrboro*, 58 N.C. App. 676, 294 S.E.2d 757 (plaintiff could recover under an implied agreement in order to prevent the unjust enrichment of the town), *disc. review denied*, 307 N.C. 127, 297 S.E.2d 400 (1982).

In this case, plaintiff failed to present any evidence that the engineering plans were prepared with an expectation of payment by the Town. *See also Twiford v. Waterfield*, 240 N.C. 582, 585, 83 S.E.2d 548, 551 (1954) ("The plaintiff must show by the greater weight of the evidence that both parties, at the time the labor was done or the services were rendered, contemplated and intended that pecuniary recompense should be made for the same."). Plaintiff's evidence showed only that plaintiff, as the developer, hired and paid its own engineer to complete the engineering plans. There was no evidence that either party, at the time, expected the Town to reimburse plaintiff for the cost of the plans.

In addition, "[q]uantum meruit does not apply where no benefit accrues to the party from whom compensation is sought." *Scott*, 130 N.C. App. at 430-31, 503 S.E.2d at 152. *See also Booe v. Shadrick*, 322 N.C. 567, 570, 369 S.E.2d 554, 556 (1988) (internal citations omitted) ("[i]n order to establish a claim for unjust enrichment, a party must have conferred a benefit on the other party. The benefit must not have been conferred officiously . . . . The benefit must not be gratuitous and it must be measurable . . . [and] the defendant must have consciously accepted the benefit."). Plaintiff argues that there was evidence that the Town "would have benefited" and "stood to benefit and intended to benefit from extension of water to plaintiff's subdivision." Plaintiff does not, however, cite any cases, which support its argument that it may recover where the benefit was intended, but not received. In each of the cases cited by plaintiff, the municipality actually received a tangible benefit in the form of some type of infrastructure whereas, here, the water line was never built. *See Charlotte Lumber*, 242 N.C. at 195, 87 S.E.2d at 208 (city appropriated plaintiff's sewer system and assumed maintenance and operation of it); *Hawkins*, 229 N.C. at 564, 50 S.E.2d at 563 (plaintiff constructed sewer line and paved streets and town accepted the work); *Orange*

---

1. The Town has not asserted sovereign immunity and, therefore, we do not address that affirmative defense.

## WING v. TOWN OF LANDIS

[165 N.C. App. 691 (2004)]

*Water & Sewer Auth.*, 58 N.C. App. at 683, 294 S.E.2d at 761 (plaintiff had installed fire hydrants). As the Court held in *Hawkins*, "where the construction work *has been actually done and accepted* . . . the county, city or town 'is bound on a *quantum meruit* for the reasonable and just value of the work and labor done and material furnished.'" 229 N.C. at 564, 50 S.E.2d at 563 (emphasis added; quoting *McPhail v. Board of Comm'r of Cumberland County*, 119 N.C. 330, 335, 25 S.E. 958, 959 (1896)).

Here, although plaintiff had engineering plans prepared for a water line extension, the Town never received any benefit from those plans because the water lines were never built. Thus, as this Court observed in *Greeson v. Byrd*, 54 N.C. App. 681, 683, 284 S.E.2d 195, 196 (1981), *disc. review denied*, 305 N.C. 299, 291 S.E.2d 149 (1982), "one of the necessary elements for recovery on a contract implied in law is missing here—there is no evidence in the record to indicate that any benefit inured to the defendant as a result of plaintiff's partial performance. Without enrichment, there can be no 'unjust enrichment' and therefore no recovery on an implied contract." Because of the lack of any benefit to the Town, plaintiff may not recover in *quantum meruit. See id.* ("[I]t was the crop to be cultivated and harvested by the plaintiff, not the plaintiff's labor, for which the defendant bargained. Thus, there could be no recovery for the value of partial performance of the contract since no part of the crop was produced.")

Plaintiff nonetheless argues that the Town may still be able to use the engineering plans in the future. As the Town points out, however, it has no use for plans extending water service to Highland Woods because plaintiff now has constructed wells to serve the new phase of his development. Indeed, the planned extension was stricken from the Town's water system expansion plans when plaintiff informed the Town that he no longer needed the water. Plaintiff offered no contrary evidence and has provided no explanation of how the Town could use the plans in the future.

Viewing the evidence in the light most favorable to plaintiff, there was no showing that the engineering plans were prepared with an expectation of payment by the Town or that the Town received a benefit from completion of the plans for the water line extension. Therefore, the court properly granted summary judgment to the Town.

IN RE J.W.J., T.L.J., D.M.J.

[165 N.C. App. 696 (2004)]

Affirmed.

Judges BRYANT and ELMORE concur.

---

IN RE: J.W.J., T.L.J., D.M.J.