TIN ORIGINALS, INC. v. COLONIAL TIN WORKS, INC. AND THOMAS W. LaROSE

No. 8912SC999

(Filed 5 June 1990)

1. **Fiduciaries § 2 (NCI3d)— fiduciary relationship—distributor and manufacturer**

The trial court did not err by allowing defendants' motion for directed verdict on the issue of fiduciary duty in an action arising from plaintiff's sale of defendants' decorative tin items to the public. Although plaintiff relied on *General Tire and Rubber Co. v. Distributors, Inc.,* 253 N.C. 459, nowhere in *General Tire* does the court state that a fiduciary relationship existed between the distributor and the manufacturer. Review of reported North Carolina cases fails to reveal any case where mutually interdependent businesses, situated as the parties were here, were found to be in a fiduciary relationship with one another.

**Am Jur 2d, Independent Contractors §§ 7, 9.**

TIN ORIGINALS, INC. v. COLONIAL TIN WORKS, INC.

[98 N.C. App. 663 (1990)]

2. **Appeal and Error § 147 (NCI4th) — verdict — no objection at trial — not appealable**

Plaintiff in an action arising from the sale by defendant of plaintiff's decorative tin items failed to object at the appropriate time and could not assign error to the acceptance of the verdict where the jury returned to the courtroom with only the first of several issues answered; that answer was "not guilty," contrary to the court's instructions; the foreman filled in the answers to the other issues while the jurors were in the courtroom; and the jurors thereafter indicated their assent to the verdict in open court.

**Am Jur 2d, Appeal and Error § 637; Trial §§ 1193, 1199, 1214, 1218.**

APPEAL by plaintiff from judgment entered 25 May 1989 by *Judge George M. Fountain, Jr.* in CUMBERLAND County Superior Court. Heard in the Court of Appeals 3 April 1990.

This is an action for fraud, slander, breach of fiduciary duty, breach of contract and Chapter 75 violations. Plaintiff alleges that defendants were obligated to sell to plaintiff all of defendants' production of decorative tin items. Plaintiff distributed and sold defendants' items to the public. Plaintiff alleges that the business relationship with defendants collapsed when defendants decided to sell for themselves and took actions to price plaintiff out of the market. Plaintiff alleges that defendants' actions were all part of a plan to control the market for defendants' decorative items. The trial court allowed defendants' motion for directed verdict on the issue of breach of fiduciary duty and the jury returned a verdict for defendants on plaintiff's other claims. Plaintiff appeals.

*Brooks, Pierce, McLendon, Humphrey & Leonard, by John L. Sarratt and Jeffrey A. Batts, for plaintiff-appellant.*

*Turner, Enochs, Sparrow, Boone & Falk, by Donald G. Sparrow and Laurie S. Truesdell, for defendant-appellees.*

EAGLES, Judge.

Plaintiff argues that the trial court erred in granting a directed verdict in favor of defendants on the issue of fiduciary duty. Additionally, plaintiff asserts that on remand the jury should be instructed that the basis for plaintiff's Chapter 75 claim is breach

TIN ORIGINALS, INC. v. COLONIAL TIN WORKS, INC.

[98 N.C. App. 663 (1990)]

of fiduciary duty. Finally, plaintiff asserts that the trial court erred in accepting the jury's verdict. We are not persuaded and find no error in the trial court.

## I. Directed Verdict.

[1] A motion for directed verdict pursuant to Rule 50(a) of the North Carolina Rules of Civil Procedure presents the question of whether plaintiff's evidence is sufficient to submit to the jury. The trial court must consider the evidence in the light most favorable to the non-movant and conflicts in the evidence must be resolved in favor of the non-movant. *See, e.g., Northwestern Bank v. NCF Financial Corp.*, 88 N.C. App. 614, 365 S.E.2d 14 (1988), *citing Arnold v. Sharpe*, 296 N.C. 533, 537, 251 S.E.2d 452, 455 (1979). Whether a fiduciary relationship exists is determined by the specific facts and circumstances of the case. Generally, "[t]he existence or non-existence of a fiduciary duty [is] a question of *fact* for the jury." *HAJMM Co. v. House of Raeford Farms, Inc.*, 94 N.C. App. 1, 13, 379 S.E.2d 868, 875 (emphasis in original), *disc. rev. allowed*, 325 N.C. 271, 382 S.E.2d 439 (1989). Plaintiff argues that there was evidence of a fiduciary relationship between the parties and that the issue was for the jury to decide. We disagree.

Plaintiff relies in particular on *General Tire and Rubber Co. v. Distributors, Inc.*, 253 N.C. 459, 117 S.E.2d 479 (1960). In *General Tire* the court stated that where two parties have entered into an exclusive distributorship agreement of indefinite duration and the distributor "has expended substantial sums in establishing and promoting the distributorship and such expenditures were within the contemplation of the parties," the manufacturer must give the distributor reasonable notice of his intent to terminate the relationship. *Id.* at 472, 117 S.E.2d at 489. Plaintiff argues that *General Tire* supports the argument that a fiduciary relationship existed between the parties in this action. We disagree. Nowhere in *General Tire* does the court state that a fiduciary relationship existed between the distributor and manufacturer. We are unwilling to engraft on *General Tire* an implicit holding that there was a fiduciary relationship in that case.

Plaintiff also argues that the evidence showed that plaintiff placed special trust and confidence in defendants, primarily because of the parties' dependence upon each other. The evidence showed that defendants were plaintiff's only source of decorative tin items and that these items constituted 80% of plaintiff's sales, and that

defendants were aware of this situation. Defendants assert that special trust and confidence are not the only requirements for finding a fiduciary relationship but that "resulting superiority and influence" must have developed. Defendants argue that the parties were in equal bargaining positions and dealt at arm's length. Therefore, no fiduciary relationship arose between the parties.

> The courts generally have declined to define the term "fiduciary relation" and thereby exclude from this broad term any relation that may exist between two or more persons with respect to the rights of persons or property of either. In this, the courts have acted upon the same principle and for the same reason as that assigned for declining to define the term "fraud." The relation may exist under a variety of circumstances; it exists in all cases where there has been a special confidence reposed in one who in equity and good conscience is bound to act in good faith and with due regard to the interests of the one reposing confidence. . . . "[I]t extends to any possible case in which a fiduciary relation exists in fact, and in which there is confidence reposed on one side, and resulting domination and influence on the other."

*Abbitt v. Gregory*, 201 N.C. 577, 598, 160 S.E. 896, 906 (1931). Even when we apply this broad standard to this case, we find the evidence insufficient to submit to the jury the issue of whether a fiduciary relationship existed between the parties. Our review of reported North Carolina cases has failed to reveal any case where mutually interdependent businesses, situated as the parties were here, were found to be in a fiduciary relationship with one another. We decline to extend the concept of a fiduciary relation to the facts of this case.

Due to our disposition of plaintiff's arguments on the alleged fiduciary relationship, we need not address plaintiff's argument that the Chapter 75 issue should be submitted to the jury on remand.

## II. Form of the Verdict.

[2] Plaintiff asserts she is entitled to a new trial based on the jury's manifest disregard of its duties and the court's instructions and the jury's failure to deliberate on the issues. Plaintiff argues that when the jury returned to the courtroom only the first of several issues was answered and it was answered "not guilty," contrary to the trial court's instructions. While the jurors were

in the courtroom the foreman wrote on the issues sheet, filling in the answers to the other issues "no." Thereafter, the trial court read the issues and answers and the jurors each indicated their assent to the verdict in open court.

Plaintiff argues that the answer "not guilty" shows that the jurors used the improper standard in this case. Additionally, plaintiff argues that the foreman's filling in the remaining issues with the word "no" and the trial court's polling the jury individually does not correct the jury's failure to deliberate on each issue. Defendants argue that there was no timely objection or exception to the form of the verdict or to the foreman's filling in the blanks on the issues sheet in open court. Additionally, the jury was polled individually and they each agreed with the answers on the verdict sheet.

"Error can only be asserted by an exception taken at an appropriate time and in an appropriate manner." *Conrad v. Conrad,* 252 N.C. 412, 415, 113 S.E.2d 912, 914 (1960). G.S. 1A-1, Rule 46(b) provides that

> [w]ith respect to rulings and orders of the court not directed to the admissibility of evidence, formal objections and exceptions are unnecessary. In order to preserve an exception to any such ruling or order or to the court's failure to make any such ruling or order, it shall be sufficient if a party, at the time the ruling or order is made or sought, makes known to the court his objection to the action of the court or makes known the action which he desires the court to take and his ground therefor[.]

Here, plaintiff failed to object at the appropriate time.

The transcript reveals the following discussion when the jury returned to the courtroom:

COURT: Members of the jury, you've agreed on a verdict.

FOREMAN, JUROR #5: We have, your Honor.

COURT: Well, you've only answered one of the issues. It's necessary that you answer—

FOREMAN, JUROR #5: —fill in the rest of the data, yes.

COURT: Do you want to do it right there?

FOREMAN, JUROR #5: Yes, sir.

COURT: All right. If all have agreed, you may do so.

(The foreman wrote on the issues sheet in the courtroom on the jury box rail.)

\* \* \*

COURT: You answered the first issue "not guilty." I assume you mean by that "no"—

FOREMAN: "No," yes, sir.

COURT: —is that correct?

At no time during this discussion did plaintiff's counsel object or otherwise voice a concern regarding the court's procedure. Plaintiff cannot now assert error in the trial court's actions.

For the reasons stated we find no error.

Judges WELLS and GREENE concur.