CRUMLEY & ASSOCS., P.C. v. CHARLES PEED & ASSOCS., P.A.

[219 N.C. App. 615 (2012)]

CRUMLEY & ASSOCIATES, P.C., Plaintiff v. CHARLES PEED & ASSOCIATES, P.A.,
JAMES W. SNYDER, JR., and CHARLES O. PEED, JR., Defendants

No. COA11-1077

(Filed 3 April 2012)

**1. Attorney Fees—quantum meruit claim—based on reasonable value of plaintiff's services—clean hands doctrine inapplicable**

The trial court did not err in an action involving the parties' respective claims of entitlement to certain attorney fees when it permitted plaintiff to recover in *quantum meruit*. Plaintiff's *quantum meruit* claim and the trial court's award were based upon the reasonable value of plaintiff's services while it handled each of the cases and the clean hands doctrine did not bar plaintiff's equitable recovery.

**2. Attorney Fees—reimbursement for advanced costs—obligation remained with clients**

The trial court erred in an action involving the parties' respective claims of entitlement to certain attorney fees when it awarded plaintiff reimbursement for costs advanced by it on behalf of those clients who chose to follow defendant Snyder when he departed from plaintiff's employment. The obligation for reimbursement of those costs remained with the clients and plaintiff had no right of recovery of those costs against defendant Peed & Associates.

**3. Attorney Fees—constructive fraud—no fiduciary relationship**

The trial court erred in an action involving the parties' respective claims of entitlement to certain attorney fees by granting summary judgment against defendant Peed, holding him liable to plaintiff for constructive fraud. There was no discrepancy in bargaining power between the two parties, competing at arms-length as lawyers in a legal dispute, concerning the matter at issue, and thus, no fiduciary relationship arose with respect thereto.

Appeal by plaintiff and defendant from judgment entered 30 September 2010 by Judge John O. Craig, III in Forsyth County Superior Court. Heard in the Court of Appeals 6 March 2012.

*Tuggle Duggins & Meschan P.A., by Michael S. Fox, Jeffrey S. Southerland, and Alan B. Felts, for plaintiff-appellant.*

*Bennett & Guthrie, P.L.L.C., by Richard V. Bennett, Joshua H. Bennett, and Roberta King Latham, for defendant-appellant Charles Peed & Associates, P.A.*

*Charles O. Peed, Jr., pro se, for defendant-appellant.*

MARTIN, Chief Judge.

Plaintiff, Crumley & Associates, P.C., ("Crumley") brought this action alleging various claims for relief against defendant Charles Peed & Associates, P.A., ("Peed & Associates") and the individual defendants, Charles Peed, Jr. ("Peed") and James W. Snyder, Jr. ("Snyder"). The genesis of the dispute involves the parties' respective claims of entitlement to certain attorneys fees awarded to Snyder in contingent fee cases which originated while he was an employee of Crumley, but which were collected by Peed & Associates after Snyder left Crumley's employ and became employed by Peed & Associates. Crumley sought to recover damages against Peed & Associates on various theories, including breach of contract, constructive trust, *quantum meruit,* and against the individual defendant, Charles Peed, for constructive fraud.

Briefly summarized, the voluminous record filed in this Court reflects that prior to 29 January 2007, Snyder was employed by Crumley as an associate attorney. While employed by Crumley, Snyder was required to sign an employment contract which contained, *inter alia,* provisions stating that if Snyder left Crumley's employ:

> Upon a client choosing to have Mr. Snyder represent them in the future, Mr. Snyder shall, within 30 days, pay to the firm any funds the firm has advanced to the client.
>
> . . . .
>
> Mr. Snyder agrees to pay to the firm 70% of the fees he may receive from his continued representation of the client in the matter for which the firm was representing the client at the time of his departure.

On 29 January 2007, Crumley terminated Snyder's employment. Snyder thereafter secured employment with Peed & Associates. Crumley sent a letter to each of Snyder's clients informing them, as is required by the North Carolina State Bar, that they had a choice

whether to continue to be represented by Crumley, follow Snyder to Peed & Associates, or obtain other representation. Between twenty-eight and thirty-three clients decided to continue their attorney-client relationship with Snyder. These clients were primarily workers' compensation claimants in North Carolina and Virginia whose cases were being handled by Snyder on a contingent fee basis. In the months that followed, cases that had followed Snyder to Peed & Associates began to settle, and Snyder was awarded fees based on the contingent fee agreements. On 4 May 2007, attorneys for Crumley wrote Peed and Peed & Associates notifying them that Crumley claimed entitlement to a portion of the fees awarded to Snyder in those cases based on the fee provision in Snyder's compensation agreement with Crumley. Alternatively, plaintiff sought to have the fees held in trust and specifically requested that

> all fees in all such cases must be held until the final resolution of the dispute over the fees in the subject cases. Assuming that the fee provisions in Snyder's Compensation Agreement with [Crumley] are invalid and unenforceable, we will still have to address fee allocation and will have to do so on a case-by-case, quantum meruit basis.

(Emphasis in original.) Despite receiving the letter, Peed deposited the disputed fees into the operating account for Peed & Associates, where the money was later used to pay the firm's general operating expenses, including Snyder's salary.

Snyder sought an opinion from the North Carolina State Bar regarding the enforceability of the pertinent sections of his compensation agreement with Crumley. In 2008, the Ethics Committee of the State Bar issued a Proposed Ethics Opinion, later adopted by the State Bar Council as 2008 FEO 8, which addressed the ethical implications of fee-splitting provisions identical to those found in Snyder's compensation agreement with Crumley. The opinion concluded the 70/30% fee-split and provision requiring repayment of advanced costs within thirty days did not comply with the provisions of Rule 5.6 of the Rules of Professional Conduct.

Defendants moved for summary judgment. Crumley thereafter submitted to a voluntary dismissal of a number of its claims, including those for declaratory judgment and breach of contract, but pursued its claims against Snyder, against Peed & Associates for a portion of the fees based in *quantum meruit,* and against Peed for constructive fraud. After a hearing, the trial court granted summary

judgment dismissing Crumley's claims against Snyder, denied the motions of Peed & Associates and Peed, and entered summary judgment in favor of Crumley with respect to the liability of Peed & Associates for a portion of the fees in *quantum meruit* and Peed individually for constructive fraud.

The parties thereafter stipulated to the amount of fees received by Peed & Associates in each of the cases, the periods of time each of the respective firms handled each case, and the professional time expended by each firm in connection with each case. The trial court heard evidence without a jury on the question of damages and entered judgment awarding Crumley $147,946.53 in *quantum meruit* as its reasonable share of the attorneys fees collected by Peed & Associates, together with $7,577.12 for costs and expenses which Crumley advanced in connection with the cases. The trial court also awarded Crumley $1.00 in nominal damages against Peed, individually, for constructive fraud. Crumley, Peed, and Peed & Associates appeal.

---

Initially, we are constrained to observe that both Crumley and Peed, in their briefs and at oral argument, freely trade suggestions and outright allegations that the other has engaged in unprofessional and even unethical conduct, perhaps hoping thereby to persuade the Court toward deciding for the party engaging in the least egregious conduct. Those questions are better left to the State Bar and the parties' peers, and we reject their attempts, in exchanging affronts, to obfuscate the purely legal issues their dispute has presented, first to the trial court, and now to this Court.

The trial court granted summary judgment in favor of Crumley on the issues of liability, and those determinations are the primary issues presented for our review. "Our standard of review of an appeal from summary judgment is *de novo*; such judgment is appropriate only when the record shows that 'there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law.' " *In re Will of Jones*, 362 N.C. 569, 573, 669 S.E.2d 572, 576 (2008) (quoting *Forbis v. Neal*, 361 N.C. 519, 524, 649 S.E.2d 382, 385 (2007)).

I.

[1] Defendant Peed & Associates asserts the trial court erred when it permitted Crumley to recover in *quantum meruit*, arguing that because the fee-splitting provisions of Crumley's compensation agreement with Snyder violated the Rules of Professional Conduct, they were unenforceable and, essentially, that Crumley's attempts to

CRUMLEY & ASSOCS., P.C. v. CHARLES PEED & ASSOCS., P.A.

[219 N.C. App. 615 (2012)]

enforce the agreement amounted to "unclean hands." We reject this argument.

"*Quantum meruit* is a measure of recovery for the reasonable value of services rendered in order to prevent unjust enrichment." *Paul L. Whitfield, P.A. v. Gilchrist*, 348 N.C. 39, 42, 497 S.E.2d 412, 414 (1998). An action in *quantum meruit* cannot stand if there is an enforceable contract. *Id.* at 42, 497 S.E.2d at 415.

The "clean hands" doctrine prevents recovery in equity where the party seeking relief comes to court with unclean hands. *Ray v. Norris*, 78 N.C. App. 379, 384, 337 S.E.2d 137, 141 (1985), *disc. review denied*, 316 N.C. 378, 342 S.E.2d 897 (1986). "The maxim applies to the conduct of a party with regard to the specific matter before the court as to which the party seeks equitable relief and does not extend to that party's general character." *Creech v. Melnik*, 347 N.C. 520, 529, 495 S.E.2d 907, 913 (1998).

We believe the law is settled in North Carolina that counsel, who has provided legal services pursuant to a contingency fee contract and is terminated prior to a resolution of the case and the occurrence of the contingency upon which the fee is based, has a claim in *quantum meruit* to recover the reasonable value of those services from the former client, or, where the entire contingent fee is received by the former client's subsequent counsel, from the subsequent counsel. *See Pritchett & Burch, PLLC v. Boyd*, 169 N.C. App. 118, 124-25, 609 S.E.2d 439, 443, *disc. review denied*, 359 N.C. 635, 616 S.E.2d 543 (2005); *Guess v. Parrott*, 160 N.C. App. 325, 331, 585 S.E.2d 464, 468 (2003).

In the instant case, neither Crumley's *quantum meruit* claim nor the trial court's award were based upon the unenforceable fee-splitting agreement; rather, they were based upon the reasonable value of Crumley's services while it handled each of the cases. Thus, the fact that the fee-splitting agreement was determined to be in violation of the Rules of Professional Conduct and unenforceable is of no consequence to Crumley's right of recovery in *quantum meruit*. Crumley had enforceable contingency fee agreements with its former clients, who chose to follow Snyder to Peed & Associates, and Crumley is entitled to recover the reasonable value of its services rendered pursuant to those contingency fee agreements.

Moreover, "[t]he doctrine of clean hands is only available to a party who was injured by the alleged wrongful conduct." *Ray*, 78 N.C. App. at 385, 337 S.E.2d at 142. Here, the fee-splitting agreement

between Crumley and Snyder is not the specific matter before the court; Peed & Associates can claim no injury by any wrongful conduct by Crumley relating thereto. Therefore, the clean hands doctrine does not bar Crumley's equitable recovery in *quantum meruit* from Peed & Associates of the reasonable value of fees to which it was entitled under its contingency fee contracts with its former clients.

## II.

**[2]** Peed & Associates also contends the trial court erred when it awarded Crumley $7,577.12 as reimbursement for costs advanced by it on behalf of those clients who chose to follow Snyder when he departed from Crumley. We conclude there is merit to Peed & Associates' argument in this regard.

Costs advanced for a client are the client's financial responsibility; a departing lawyer may not be made liable to a prior firm for this debt. 2008 N.C. Eth. Op. 8. The prior firm may pursue any legal claim it has against the client and, pursuant to an employment agreement, may require the departing lawyer to protect the firm's interest when receiving reimbursement for costs advanced from any settlement or judgment received by the client. *Id.* Here, there is no evidence that Peed & Associates sought or received reimbursement for the $7,577.12 in costs which Crumley advanced prior to Snyder's departure. The obligation for reimbursement of those costs, therefore, remained with the clients and Crumley has no right of recovery of those costs against Peed & Associates. Accordingly, we must reverse the trial court's award of $7,577.12 for advanced costs to Crumley.

## III.

**[3]** Defendant Peed, in his individual capacity, contends the trial court erred in granting summary judgment holding him liable to Crumley for constructive fraud. We agree.

To establish constructive fraud, a plaintiff must show that defendant (1) owes plaintiff a fiduciary duty; (2) breached this fiduciary duty; and (3) sought to benefit himself in the transaction. *Sullivan v. Mebane Packaging Grp.*, 158 N.C. App. 19, 32, 581 S.E.2d 452, 462, *disc. review denied*, 357 N.C. 511, 588 S.E.2d 473 (2003). "A confidential or fiduciary relation can exist under a variety of circumstances and is not limited to those persons who also stand in some recognized legal relationship to each other . . . ." *Stilwell v. Walden*, 70 N.C. App. 543, 546, 320 S.E.2d 329, 331 (1984). "[I]t extends to any possible case in which a fiduciary relation exists in fact, and in which

**CRUMLEY & ASSOCS., P.C. v. CHARLES PEED & ASSOCS., P.A.**

[219 N.C. App. 615 (2012)]

there is confidence reposed on one side, and resulting domination and influence on the other." *Abbitt v. Gregory*, 201 N.C. 577, 598, 160 S.E. 896, 906 (1931) (internal quotation marks and citation omitted). "Only when one party figuratively holds all the cards—all the financial power or technical information, for example—have North Carolina courts found that the 'special circumstance' of a fiduciary relationship has arisen." *Broussard v. Meineke Disc. Muffler Shops, Inc.*, 155 F.3d 331, 348 (4th Cir. 1998). Determining whether a fiduciary relationship exists requires looking at the particular facts and circumstances of a given case. *Tin Originals, Inc. v. Colonial Tin Works, Inc.*, 98 N.C. App. 663, 665, 391 S.E.2d 831, 832 (1990). North Carolina courts generally find that parties who interact at arms-length do not have a fiduciary relationship with each other, even if they are mutually interdependent businesses. *Id.* at 666, 391 S.E.2d at 833.

Rule of Professional Conduct 1.15-2(g) provides that "if [a] lawyer's entitlement [to fees] is disputed, the disputed amounts shall remain in the trust account or fiduciary account until the dispute is resolved." N.C. Revised R. Prof'l Conduct Rule 1.15-2. Crumley asserts that a trustee-beneficiary fiduciary relationship arose when Peed received attorneys fees in the disputed cases and, knowing that Crumley claimed entitlement to a portion of the fees, failed to hold the funds in trust as required under Rule of Professional Conduct 1.15-2(g). However, Crumley has cited no authority, and we can find none, which supports its contention that a violation of a rule of professional conduct would give rise to any type of trust relationship between attorneys under such circumstances. Indeed, Peed correctly calls to our attention the general rule that a violation of a rule of professional conduct, "in an of itself," does not give rise to civil liability in North Carolina. *McGee v. Eubanks*, 77 N.C. App. 369, 374, 335 S.E.2d 178, 181-82 (1985), *disc. review denied*, 315 N.C. 589, 341 S.E.2d 27 (1986); *see also* N.C. Revised R. Prof'l Conduct Rule 0.2[7].

Crumley also contends a fiduciary relationship arose in this case based on the particular facts and circumstances present here, evidencing as a matter of law that it reposed a confidence in Peed to protect its interest in the disputed fees and that Peed possessed all of the power and exercised domination and control with respect to the matter. However, the cases in which North Carolina courts have found fiduciary relationships to exist based on one party's domination or influence typically involve a discrepancy in bargaining power. *See, e.g., Tin Originals, Inc.*, 98 N.C. App. at 666, 391 S.E.2d at 833. Here, no discrepancy in bargaining power has been shown between the two

parties, competing at arms-length as lawyers in a legal dispute, concerning the matter at issue, and thus, no fiduciary relationship has arisen with respect thereto. There being no fiduciary duty owed to Crumley by Peed, Crumley's claim for constructive fraud must fail. Our decision renders moot Crumley's appeal from the award of only nominal damages. We have considered the remaining legal arguments advanced by the parties and conclude they are wholly without merit, and we reject them without discussion.

In summary, we hold the trial court correctly entered summary judgment concluding Crumley is entitled to recover from Peed & Associates, in *quantum meruit*, the reasonable value of the legal services rendered pursuant to its contingency fee contracts with its former clients before terminating the attorney-client relationship with Crumley. There being no issue raised as to the amount of the fees to which Crumley is entitled, we affirm the judgment establishing the amount thereof as $147,946.12. We hold the trial court erred by awarding judgment in favor of Crumley and against Peed & Associates for costs and expenses advanced by Crumley, but not recovered by Peed & Associates, and we therefore reverse the trial court's award in the amount of $7,577.12 for those costs and expenses. Finally, we hold the trial court erred in granting summary judgment finding Peed liable to Crumley for constructive fraud and we reverse the judgment awarding Crumley $1.00 in nominal damages.

Affirmed in part, reversed in part.

Judges HUNTER and STEPHENS concur.